Henry Vogel and Etta Vogel *v.* Hopewell Township Board of Supervisors and Hopewell Township Zoning Hearing Board. Henry Vogel and Etta Vogel, Appellants.

Argued June 10, 1976, before President Judge Bowman and Judges Crumlish, Jr., and Blatt, sitting as a panel of three.

*David Schaumann,* for appellant.

*Gilbert G. Malone,* with him *John W. Thompson, Jr.,* for appellees.

OPINION BY JUDGE BLATT, October 27, 1976:

This is an appeal from an order of the Court of Common Pleas of York County which upheld the action of the Hopewell Township Zoning Hearing Board (Board) in dismissing an application for a special permit and in upholding the validity of certain amendments to the Township Zoning Ordinance.

The appellants, Henry and Etta Vogel, are owners of approximately forty acres of land located in an agricultural zone. When they purchased the property in September 1972, the township zoning ordinance permitted mobile home parks in any zone, including agricultural, by special permit, and the Vogels first manifested their intention to use the land as a mobile home development in an informal letter, a copy of which was sent to the secretary of the Hopewell Township Board of Supervisors (Supervisors). Prior to any formal action on the part of the Vogels, however, the

Supervisors called a special meeting on January 18, 1973, to prepare advertisements of four proposed amendments to the zoning ordinance. Three of these amendments concerned mobile home parks and had the effect of: (1) prohibiting mobile home parks in agricultural zones, (2) prohibiting common water facilities other than the public water system, and (3) prohibiting common or packaged sanitary facilities. These amendments were properly advertised on January 20, 23, 27 and 30, 1973.

On February 5, 1973, the Vogels submitted a preliminary plan for their proposed mobile home park to the Supervisors, and they filed their application for a special permit with the Board four days later. The advertised zoning amendments were adopted by the Supervisors on February 21, 1973. Subsequent to the amendment of the zoning ordinance on March 5, 1973, the Supervisors rejected the Vogels' preliminary plan and they also rejected a revised plan (which had been submitted after the amendments were adopted) on May 7, 1973.[1] The Board denied the Vogels' request for a special permit on June 18, 1973,[2] and they appealed to the court below from that refusal.

The Vogels had also brought a separate action before the Board pursuant to Section 1004(1)(a) of

---

[1] The Supervisors, as indicated in their minutes, relied on the written recommendations of the Hopewell Township Planning Commission (Commission) that mobile home parks were not a permitted use in an agricultural zone and that the plan showed technical nonconformities with the township's zoning and subdivision ordinances, e.g., the plan failed to set forth the approximate dimensions of the lots.

[2] The appellants' pleadings and the decision of the court below agree on this date. Unfortunately, the record does not contain a copy of the Board's decision denying the permit. It does contain, however, the recommendation of the Commission that the permit be rejected because the amended zoning ordinance excluded mobile home

the Pennsylvania Municipalities Planning Code[3] (Code), which challenged the validity of the zoning amendments. After taking testimony, the Board concluded that the challenged amendments were validly enacted, were based on reasonable grounds, and were not exclusionary. The Vogels also appealed to the court below from this Board ruling, and the appeals were consolidated. Both were denied, and both are now before us.

Our scope of review where, as here, the court below took no additional evidence, is limited to a determination of whether or not the zoning hearing board abused its discretion or committed an error of law. *Gable v. Springfield Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 381, 335 A.2d 886 (1975). The Vogels argue that an error of law was committed by the Board when it denied their special permit on the basis of zoning amendments which had not yet been enacted when their preliminary plan and application for a special permit were submitted. The Board contends that it applied the pending ordinance doctrine of *Boron Oil Co. v. Kimple,* 445 Pa. 327, 284 A.2d 744 (1941), which makes amendments to a zoning ordinance applicable to any application for a building permit submitted subsequent to public notice that amendments to the ordinance will be considered.

It is undisputed here that the zoning amendments at issue had been publicly advertised before the Vogels filed their application for a special permit and were, therefore, "pending." However, this Court has held in *Monumental Properties, Inc. v. Board of Commissioners,* 11 Pa. Commonwealth Ct. 105, 311 A.2d 725 (1973), that the pending ordinance doctrine is limited

parks in agricultural zones and prohibited the kind of private sewer and water supply systems which the Vogels proposed to use.

[3] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004.

to applications for building permits and that it cannot apply to the submission of a subdivision or land development plan. We cited there the statutory mandate of Section 508(4) of the Code, 53 P.S. §10508(4), which provides as follows:

(4) From the time an application for approval of a plat, whether preliminary or final, is duly filed as provided in the subdivision and land development ordinance, and while such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed.

In *Gettys v. Dillsburg Borough Council*, 7 Pa. Commonwealth Ct. 519, 300 A.2d 805 (1973), we held a mobile home park plan to be a "subdivision" plan and, therefore, the above-quoted Code provision clearly applies to the mobile home park plan here. However, the point at issue here is whether or not this statutory language has the effect of freezing the zoning ordinance with respect to the application for the special permit here requested for permission to establish a mobile home park as it would have in the case of a building permit.

Unlike the developer in *Monumental Properties, supra,* who was required only to file a plan, the Vogels were required to and did file both a preliminary plan and an application for a special permit. We believe that, despite this additional permit requirement here, Section 508(4) of the Code provides that the zoning ordinance, as it existed when the preliminary plan was filed, governs all of the procedural aspects of gaining approval for a subdivision

plan. It is certainly reasonable that both the plan and the permit application for the same project be reviewed in relation to the same zoning ordinance. Moreover, to hold otherwise would enable zoning authorities to circumvent the statutory protections afforded developers, who incur the expense and effort of preparing and submitting land development plans, by imposing upon them an additional permit requirement. Nor do we believe that to hold that the Vogels should have their plan considered here will unduly restrict the ability of this municipality or others to effect changes in zoning ordinances. As Judge ROGERS noted in *Monumental Properties, supra,* the time required for the preparation of detailed plans renders it unlikely that many potential developers could succeed in racing to the zoning authorities with their plans before pending zoning changes could be enacted.

We cannot agree with the lower court's opinion that, because the Vogels did not appeal the Supervisors' rejection of their plans, they thereby waived the protection of Section 508(4) of the Code. An error of law was committed when the Board denied the special permit on the basis of zoning amendments which should not have affected its decision, and the Vogels properly appealed from the Board's action as then taken.

Our review in this case, however, is substantially hindered by an incomplete record. The very decision of the Board which we have been asked to review is missing, and it is impossible to determine if the Board might have had other and sufficient reasons for denying the special permit. We must remand, therefore, to permit the Board to consider the Vogels' application for a special permit on the basis of the zoning ordinance as it existed at the time their preliminary plan was filed, and to grant the permit unless the township can prove that the impact of

the requested use in its normal operation would be injurious to the public health, safety and welfare. *Soble Construction Co. v. Zoning Hearing Board of East Stroudsburg*, 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974).

It should be noted that, even if the Board issues a special permit, the Vogels will still be unable to build their mobile home park without an approved plan. Equity requires, therefore, that the Vogels be given an opportunity to correct any technical defects of their plan and that they be permitted to resubmit a corrected plan to the Supervisors, who are directed to approve it if it complies with the zoning and subdivision ordinances as they existed at the time the preliminary plan was submitted.

Because we have concluded that the zoning amendments were improperly applied, we need not consider the arguments advanced concerning the validity of the amendments. The order of the court below is reversed, and the record is remanded for disposition of the case as herein indicated.

ORDER

AND Now, this 27th day of October, 1976, the order of the Court of Common Pleas of York County is reversed and the record is remanded to the Court with direction to the zoning hearing board to consider the merits of approving the appellants' application for a special permit in a manner consistent with this opinion. Further, the appellants are to be granted an opportunity to amend their mobile home park plan if amendment is necessary and to resubmit the plan to the Board of Supervisors, which Board is directed to approve the plan if it is found to comply with the ordinances as they existed at the time the preliminary plan was submitted.