Summit Township Taxpayers Association, Edward Leslie and Lillian R. Wasiela, Appellants v. Summit Township Board of Supervisors, Appellee. Erie Disposal Company, Intervening Appellee.

Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*Evan E. Adair,* of *Lund, Fischer, Kennedy & Schleicher,* for appellants.

No appearance for appellee.

*Richard W. Perhacs,* of *Ederkin, Martin, Kelly, Messina & Zamboldi,* for Intervening Appellee.

OPINION BY JUDGE CRAIG, February 25, 1980:

The Summit Township Taxpayers Association, Edward Leslie and Lillian Wasiela (objectors) appeal from an order of the Court of Common Pleas of Erie County (No. 5471-A-1977) denying the appeal which objectors characterize as taken from the action of the Summit Township (township) Board of Supervisors

(board), "in stipulating" with respect to the settlement of another zoning appeal (No. 2200-A-1976, Court of Common Pleas of Erie County) which had earlier been taken by Erie Disposal Company (Erie).

In January, 1976, Erie, owner and operator of the Lakeview Landfill located in the township, seeking to expand that landfill onto adjoining property, had filed a substantive challenge to the validity of the township's zoning ordinance by a curative amendment proceeding, in accordance with Sections 1004(1)(b) and 609.1 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1)(b), §10609.1. Erie had challenged the validity of the ordinance on the ground that it made no provision for the operation of a sanitary landfill within the township. At the time of the challenge, the existing landfill was a legal nonconforming use in an R-2 Residential District.

After notice and hearing, the township's board rejected Erie's proposed curative amendment. Erie appealed from the board's action to the court of common pleas at No. 2200-A-1976, *supra.* Erie and the township entered into negotiations to resolve the terms and conditions under which the board might allow expansion of the landfill, which had reached its regulated capacity. The negotiations culminated on December 1, 1977, when, after publication and notice, the board held a public meeting and authorized counsel to execute a stipulation settling Erie's zoning appeal. Accordingly, on joint motion of the township and Erie, Judge LINDLEY R. McCLELLAND of the Court of Common Pleas entered an order of court, at No. 2200-A-1976, sustaining Erie's appeal, ordering the township to issue Erie the necessary zoning permit and ordering Erie to pay royalties to the township and comply with other negotiated conditions for the operation of the sanitary landfill.

In this case (No. 5471-A-1977), objectors appeal from the township board's authorization of the stipulation in Erie's appeal, characterizing the board action as being, in effect, a zoning ordinance amendment, *i.e.*, an acceptance of the curative amendment. Alternatively, objectors describe the board action as a grant of a variance. The lower court in effect treated objectors' present appeal as one taken, not just from the "stipulating" itself, but from the disposition of Erie's appeal brought about by that stipulation.

The lower court held that objectors' failure to intervene in Erie's appeal precludes their present attempt to appeal from that final and binding order of court. We agree. The association failed to avail itself of the process of intervention provided by Section 1009 of the MPC, 53 P.S. §11009, which allows those who are not owners or tenants of involved property to intervene by petition in accordance with the terms of Pa. R.C.P. Nos. 2326-2330. Pa. R.C.P. No. 2327 permits intervention at "[a]ny time during the pendency of an action." Owners of property in the immediate vicinity of property involved in zoning litigation have the requisite interest and status to become intervenors under Pa. R.C.P. No. 2327(4). *Schatz v. Upper Dublin Township Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 112, 343 A.2d 90 (1975); *Esso Standard Oil Co. v. Taylor,* 399 Pa. 324, 159 A.2d 692 (1960).

Objectors admit that they did not attempt to intervene as appellees in Erie's zoning appeal, but assert that their failure to do so should be excused, and this appeal allowed, because any attempt to intervene would have been denied by the lower court on the ground that the township sufficiently represented their interests. Pa. R.C.P. No. 2329(2). Of course, that argument is unpersuasive because it is based upon speculation.

A mere suspicion that the attempt to intervene would have been rejected by the court does not excuse objectors' failure to pursue the correct legal process.

Objectors also contend that, because they have been interested and actively engaged in the protest against the landfill expansion; they should be recognized as parties to the board proceedings and Erie's appeal. However, contrary to their contention, there is no evidence that the association or the named individuals were parties of record to the zoning proceedings. Even assuming that objectors were parties before the board, they simply did not appear before the lower court, or complain at any place in that appeal that they had been erroneously omitted. Section 908 of the MPC, 53 P.S. §10908. Therefore, we agree that objectors have no right at this late date to appeal the issue. In *Borough of Malvern v. Agnew*, 11 Pa. Commonwealth Ct. 285, 314 A.2d 52 (1973), this court held that two "citizens" had no standing to appeal a lower court's order in a zoning appeal to this court, where they had not appealed the case to the lower court, had not intervened in that appeal, and were not parties of record below.

The association also contends that the stipulation entered into by the parties was in fact a grant of a variance, in violation of Section 912 of the MPC, 53 P.S. §10912, which invests the zoning hearing board with the exclusive power over variance actions. However, here the actual decisive event was the settlement of a judicial proceeding, under court supervision. Because court-approved settlements of zoning cases are lawful, *see Al Monzo Construction Co. v. Monroeville Borough*, 5 Pa. Commonwealth Ct. 97, 289 A.2d 496 (1972), we must recognize such settlements as being distinct from zoning hearing board variances; even though a judicial settlement may result in a departure from the ordained zoning pattern, that kind of depar-

ture falls within the court's jurisdiction, not the board's jurisdiction.

The objectors' real concern here is that if parties to zoning appeals can settle them by stipulation, the procedures and purpose of the MPC may be totally circumvented. However, the law favors settlement, and we should not permit a collateral attack on a settled appeal where those now seeking relief have failed to avail themselves of procedures to insure their participation.

Therefore, we affirm the order of the lower court.

### Order

And Now, this 25th day of February, 1980, the order of the Court of Common Pleas of Erie County (No. 5471-A-1977) dated October 20, 1978, denying the appeal of Summit Township Taxpayers Association, Edward Leslie and Lillian R. Wasiela is affirmed.

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.