Richard Lang, an individual trading and doing business as Carlyn Land Co., and Carlyn Land Co., a corporation, Appellants *v.* Township of North Fayette, Appellee.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Duane A. Dudik,* with him *James H. Joseph, Joseph & Restauri,* for appellants.

*Larry P. Gaitens, Larry P. Gaitens,* P.C., for appellee.

OPINION BY JUDGE MENCER, December 17, 1981:

Richard Lang, an individual trading and doing business as Carlyn Land Co., and Carlyn Land Co., a corporation (appellants) have appealed from an order of the Court of Common Pleas of Allegheny County which quashed their appeal of a decision of the Board of Supervisors of North Fayette Township (Supervisors) denying approval of a sign permit application. We reverse the lower court order and vacate the decision of the Supervisors.

In October 1977, the appellants applied to the Fayette Township zoning officer for a permit to erect a sign. The application was denied because the pro-

posed sign would not conform with applicable zoning regulations. The appellants then brought an action in mandamus to compel the zoning officer to issue the permit. The Court of Common Pleas entered an order in the mandamus action which provided, in pertinent part, that

> it appearing to the Court that plaintiff, Richard E. Lang, is desirous of having a hearing before the North Fayette Township Board of Supervisors concerning his application for a sign permit . . . it is hereby agreed that a hearing will be held before the North Fayette Township Board of Supervisors on April 18, 1978 at 8:00 P.M. and that plaintiff, Richard E. Lang, will be able to file a timely appeal from any adverse adjudication of the Board of Supervisors that might be made at said hearing.

The Supervisors upheld the denial of the application, the Court of Common Pleas quashed an appeal from that decision, and this appeal followed.

Section 909 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10909, provides that "[t]he [zoning hearing] board shall hear and decide appeals where it is alleged . . . that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance. . . ." This power of the zoning hearing board is reiterated in Section 502 of the North Fayette Township zoning ordinance which provides that "[t]he [Zoning Hearing] *Board* shall have the power to hear and decide appeals from any order, requirement, decision, grant, or refusal made by the zoning officer. . . ." (Emphasis in original.) The Supervisors are not given concurrent powers to hear and decide appeals by the MPC or by the zoning ordinance.

In light of these provisions, we must conclude that the Supervisors did not have subject-matter jurisdiction to conduct this hearing. "The parties, even by consent, cannot confer jurisdiction where such is in fact lacking." *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 170, 239 A.2d 386, 387 (1968). "Although raised but not decided in the court below, the question of jurisdiction to entertain this . . . action is properly before us. Jurisdiction can be raised at any time, even at the appellate level and by the appellate court itself." *Balazick v. Dunkard-Bobtown Municipal Authority,* 414 Pa. 182, 185, 199 A.2d 430, 432 (1964).

This case is distinguishable from *Summit Township Taxpayers Association v. Summit Township Board of Supervisors,* 49 Pa. Commonwealth Ct. 459, 411 A.2d 1263 (1980). In *Summit Township,* a landowner had previously appealed from the rejection of a curative amendment. While the appeal was pending, the governing body and the landowner negotiated an agreement whereby a zoning permit was issued to the landowner.[1] In deciding a collateral challenge to that settlement, Judge CRAIG wrote for this court:

> [T]he actual decisive event was the settlement of a judicial proceeding, under court supervision. Because court-approved settlements of zoning cases are lawful, see Al Monzo Construction Co. v. Monroeville Borough, 5 Pa. Commonwealth Ct. 97, 289 A.2d 496 (1972), we must recognize such settlements as being distinct from zoning hearing board variances. . . .

---

[1] Section 609.1 of the MPC, 53 P.S. §10609.1, provides that the governing body has the power to hear curative amendment proceedings. Thus, *Summit Township* did not involve an attempt by the governing body to invade the province of the zoning hearing board.

*Id.* at 463, 411 A.2d at 1266. The purported "settlement" in the present case, however, was not a resolution of the merits of the dispute by the proper parties, but rather an attempt to divest the zoning hearing board of the authority to act as the original tribunal in the controversy. This was beyond the powers of the Court of Common Pleas, even with the consent of the parties. For this reason, the decision of the Supervisors, dated May 3, 1978, from which the present appeal is derived, is void and of no effect. Therefore, we must vacate the decision of the Supervisors. *See Eberhardt v. Ovens,* 436 Pa. 320, 259 A.2d 683 (1969).

Order reversed and decision of the Board of Supervisors of North Fayette Township vacated.

ORDER

AND Now, this 17th day of December, 1981, the order of the Court of Common Pleas of Allegheny County, dated October 31, 1980, quashing the appeal of the above named appellants, is reversed, and the decision of the Board of Supervisors of North Fayette Township, dated May 3, 1978, which purported to uphold the denial of a zoning permit to Richard Lang, an individual trading and doing business as Carlyn Land Co., and Carlyn Land Co., a corporation, is hereby vacated.