Eric David Vogel et al. *v.* Hopewell Township Zoning Hearing Board et al. John Marsteller and Rambo Run Fishing Club, Appellants.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Gilbert G. Malone, Ports, Beers, Feldmann & Malone,* for appellants.

*David Schaumann, Blakey, Yost, Bupp & Kilgore,* for appellees.

OPINION BY JUDGE BLATT, December 28, 1982:

Before us is an appeal by John Marsteller and the Rambo Run Fishing Club (appellants) from an order of the Court of Common Pleas of York County which granted the application of Eric David, Henry and Etta Vogel (Vogels) for a special exception permitting them to establish a mobile home park in an agricultural zone in Hopewell Township (Township). Also before us is the Vogels' motion to quash and the appellants' answer thereto.

The relevant procedural history in this matter is as follows. On October 11, 1978, the Hopewell Township Zoning Hearing Board (Board) denied the Vogels' application for a special exception. The parties before the Board who protested this application included the Township, John Marsteller, Alexander Thompson, and the Rambo Run Fishing Club. The Vogels appealed the Board's decision to the court of common pleas and the only protestant who cross-appealed was the Township. The court found that the Board had erred in finding that the Township had sustained its burden of proving that the proposed use would be injurious to the public health, safety and welfare[1] and ordered that the special exception be

[1] *See Vogel v. Hopewell Township Board of Supervisors,* 27 Pa. Commonwealth Ct. 118, 365 A.2d 706 (1976).

granted. No appeal of this order was taken by the Township.

In their motion to quash, the Vogels argue that the appellants lack standing to appeal to this Court because they did not file an appeal from the decision of the Board to the court of common pleas nor did they participate in the proceedings before that court. The appellants, however, although admitting in their brief that they did not appeal to or participate before the trial court, counter that they did not lose their status as parties inasmuch as they were satisfied with the Board's decision and the briefs submitted by the Township to the trial court. Restated, the appellants would have us hold that their appearance and participation in the hearings before the Board enables them to have standing to appeal to this Court even though they did not file an appeal, appear or participate in the proceedings before the court of common pleas.

In *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 301, 427 A.2d 776, 779 (1981), in discussing what or how any party must preserve its status as such for appeal purposes, we observed that:

> [i]n Malvern, in quashing an objector's appeal because the objector had not been a party to the board or common pleas court proceeding, we stated that "[e]ven assuming arguendo that . . . [objectors] were parties before the board, neither one appealed or intervened in the matter before the lower court." 11 Pa. Commonwealth Ct. at 290, 314 A.2d at 54.

That language, although dictum, is fully consistent with the Supreme Court's decision in Dethlefson, supra, that an objector who has

> [n]ever . . . been a party before the lower court . . . cannot now obtain appellate review. . . .

There is but one way to become a party litigant in court and that is by appearing in the proceedings. (Citations omitted.)

Here, although the appellants' names appeared in the case caption before the trial court, we believe that the record supports the Vogels' contention that no representative of the appellants filed any document, pleading, brief, memoranda, or appeared for argument at any phase of the proceedings before the trial court. We believe, therefore, that "we should not permit a collateral attack on a settled appeal where those now seeking relief have failed to avail themselves of procedures to insure their participation." *Summit Township Taxpayers Association v. Summit Township Board of Supervisors*, 49 Pa. Commonwealth Ct. 459, 464, 411 A.2d 1263, 1266 (1980).

We will, therefore, grant the Vogels' motion to quash and dismiss the appellants' appeal.

#### ORDER

AND Now, this 28th day of December, 1982, the appellees' motion to quash the appellants' appeal is hereby granted, and the above-captioned appeal is dismissed.