Raymond Russo, Appellant *v.* Zoning Hearing Board of Perkiomen Township and Perkiomen Township Board of Supervisors and Cranberry Corporation, Appellees.

138

Argued September 10, 1984, before Judges WIL-
LIAMS, JR., BARRY and BLATT, sitting as a panel of
three.

*Marc D. Jonas,* for appellant.

*Frank R. Bartle, Dischell, Bartle & Yanoff Asso-
ciates, P.C.,* for appellee, Zoning Hearing Board of
Perkiomen Township.

*John F. Walsh, Philip R. Detwiler & Associates,*
for appellee, Perkiomen Township Board of Super-
visors.

*James J. Heffernen,* for appellee, Cranberry Corporation.

OPINION BY JUDGE BARRY, November 26, 1984:

This appeal results from an order of the Court of Common Pleas of Montgomery County, affirming an order of the Zoning Hearing Board of Perkiomen Township (Board) which had dismissed an appeal of appellant Raymond Russo from a decision of Perkiomen Township Board of Supervisors (Supervisors) who had granted tentative approval to a residential development plan of appellee Cranberry Corporation (Cranberry).

Cranberry, which owns a 240 acre tract of land in Perkiomen Township, made an application in December, 1976, for a Planned Residential Development (PRD) on that tract. Following a number of public hearings, the Supervisors denied the application in September, 1978. Cranberry appealed to the Court of Common Pleas of Montgomery County as required by Section 1006 of the Municipalities Planning Code (MPC), Act of June 1, 1972, P.L.       , 53 P.S. §11006. The court remanded the matter to the Supervisors for findings of fact and conclusions of law as required by Section 709 of the MPC.

Following the remand, the Supervisors held a public hearing, after which they granted tentative approval with conditions on April 10, 1979. As Cranberry was unwilling to accept the conditions, it treated the approval with conditions as a denial, Section 709(a)(3) of the MPC, and again appealed to the court of common pleas on April 19, 1979. Appellant, alleging he was aggrieved by the tentative approval with conditions, appealed to the Board, pursuant to Section 1007 of the MPC, on May 9, 1979. On June 6, 1979, the Zoning Hearing Board filed a petition for

declaratory judgment in the court of common pleas. In its petition, the Board alleged it had no jurisdiction because of Cranberry's April 19 appeal to the court of common pleas. Further, the Board stated its belief that because the controversy was based on the same facts as Cranberry's appeal, appellant should intervene in Cranberry's appeal to protect his rights. Appellant, however, never sought intervention. Rather, on July 11, 1979, he filed a complaint in mandamus, requesting a court order compelling the Board to entertain his appeal. The petition for declaratory judgment and the complaint in mandamus were consolidated for argument; both are still pending.

On October 19, 1979, the court of common pleas dismissed Cranberry's appeal from the Supervisors' granting of tentative approval with conditions. Section 709(a)(3) requires a developer to notify the governing body that he or she is rejecting some of the conditions imposed, thereby allowing the developer to treat the approval with conditions as a denial which can be appealed. Cranberry never informed the Supervisors of its rejection of some of the conditions; rather Cranberry simply appealed to the court of common pleas which held that filing an appeal does not relieve a developer of the duty to notify the governing body that certain conditions are rejected. As Cranberry failed to do so, the court dismissed the appeal, finding that the failure to give notification constituted an acceptance of the conditions imposed. Cranberry appealed the dismissal to this Court.

While that appeal was pending, negotiations between Cranberry and the Supervisors continued. In July, 1981, both parties entered into an agreement under which the Supervisors were to make slight modifications in the conditions imposed in granting

the tentative approval in 1979, those modifications benefiting Cranberry. In return, Cranberry agreed to withdraw its appeal to the Commonwealth Court. The agreement was executed and tentative approval with the modified conditions was granted on July 7, 1981 at a public meeting. On August 5, 1981, appellant filed an appeal to the Board pursuant to Section 1007 of the M.P.C. The Board dismissed the appeal, holding that appellant's failure to attempt intervention in Cranberry's 1979 appeal to common pleas court precluded him from being an ''aggrieved party'' as required by Section 1007 of the MPC. The Court of Common Pleas of Montgomery County affirmed and this appeal followed.

Before addressing the merits of this appeal, we must dispose of Cranberry's motion to quash the appeal. When appellant filed his second appeal to the Board, Cranberry petitioned the common pleas court to require appellant to post a bond. The request, however, was denied. Following the Board's dismissal of the appeal and the subsequent appeal to common pleas court, Cranberry filed a second petition for bond. The court ordered appellant to post an initial bond of $100,000 with an additional bond of $35,000 each month until the matter was finally disposed of. Appellant has yet to post a bond. Nonetheless, the court reached the merits of the appeal, affirming the Board's dismissal of the appeal.

Appellant then filed this appeal to our Court. Cranberry filed a motion to quash the appeal, arguing such a result was required because appellant failed to post the bond and/or failed to file exceptions to the court's order requiring such bond be posted. Judge ROGERS refused to quash the appeal, but specifically stated that the question could again be raised at the time of argument on the merits. Cranberry

again requests we quash the appeal for the reasons already stated.

We have held that an order requiring the posting of a bond is interlocutory and, therefore, not appealable. *In Re: Appeal of Gilbert*, 34 Pa. Commonwealth Ct. 299, 383 A.2d 556 (1978). It is clear that exceptions need not be filed to a non-appealable order. Furthermore, the bond required was a condition to maintaining proceedings in the court of common pleas. Yet, when appellant failed to post the bond, Cranberry failed to have the appeal dismissed because of this. In fact, the court reached the merits of the case. Under these circumstances, we believe that quashing this appeal would be inappropriate.

Appellant claims that the court of common pleas erred in affirming the order of the Board dismissing his appeal. Both the court and the Board relied upon our decision in *Summit Township Taxpayer's Association v. Summit Township Board of Supervisors*, 49 Pa. Commonwealth Ct. 459, 411 A.2d 1263 (1980) in dismissing appellant's appeal. In *Summit,* the landholder, an owner and operator of a landfill, filed a substantive challenge to the township's zoning ordinance by a curative amendment proceeding. The township supervisors denied the curative amendment and the landholder appealed to the court of common pleas as required by the MPC. While the appeal was pending, the township negotiated a settlement with the landfill operator which proposed to allow expansion of the landfill. The settlement, which was approved by the court of common pleas, resulted in a court order requiring the township to issue the required zoning permit. Objecting neighbors of Summit Township who had been active in protesting the landfill expansion, viewed the settlement as either an amendment to the zoning ordinance or the granting

of a variance. Either of these actions was appealable and the objectors did file an appeal. As we described the scenario,

> [t]he lower court in effect treated objectors' present appeal as one taken, not just from the ''stipulating'' itself, but from the disposition of [the landfill operator's] appeal brought about by that stipulation.

> The lower court held that objectors' failure to intervene in [the landfill operator's] appeal precludes their present attempt to appeal from that *final and binding order of court*. We agree. (Emphasis added.)

*Summit,* at 462, 411 A.2d at 1265.

Appellant now argues that *Summit* is distinguishable from the present case for a number of reasons. As we believe these differences make *Summit* inapplicable, we also believe that both the Board and the court of common pleas erred in dismissing Mr. Russo's appeal.

One of the problems causing much of the present confusion is the MPC itself, which essentially requires a developing landholder to appeal adverse decisions of the ''governing body'' (here the Supervisors) directly to the court of common pleas, Section 1006 of the MPC. Objectors, *i.e.,* those persons challenging a use or development permitted, must, in most instances, appeal adverse decisions to the Board. Section 1007 of the MPC. Compounding the confusions are the options available to the Supervisors on an application for a PRD. The Supervisors may grant tentative approval of the plan as submitted, in which case objectors must appeal to the Board. The Supervisors could deny the application, in which case the developer must appeal to the court of common pleas.

Finally, as in this case, the Supervisors may grant tentative approval with conditions, where both the developer and the objectors may view the decision as adverse, with the former's appeal going to court and the latter's to the Board. In this case, both Cranberry and appellant filed appeals in the proper forum.

Appellant argues that his appeal to the Board is sufficient to distinguish this case from *Summit,* because the township's refusal to grant the curative amendment was not the type of order which an objector need or, in fact, could appeal to the Board. As appellant had an order, one granting tentative approval with conditions which was appealed to the Board, he contends he has protected his interest by filing such appeal. For the reasons that follow, we agree.

In *Summit,* we stated:

> The objectors' real concern here is that if parties to zoning appeals can settle them by stipulation, the procedures and purpose of the MPC may be totally circumvented. However, the law favors settlement, and *we should not permit a collateral attack on a settled appeal* where those now seeking relief have failed to avail themselves of procedures to insure their participation. (Emphasis added.)

49 Pa. Commonwealth Ct. at 464, 411 A.2d at 1266. *Summit,* therefore, is applicable in those situations where objectors are attempting to collaterally attack a settled appeal which has resulted in a final and binding order of court.

To adequately analyze whether *Summit* applies to this case, a comparison of the appeals to the court of common pleas by the landfill operator there and Cranberry here is necessary. As already mentioned, the landfill operator was appealing the township's

denial of his curative amendment. When presented with such an appeal, if the court determines the zoning ordinance is invalid, it "may order the described development or use approved as to all elements . . ." or may approve some elements and remand for further proceedings, Section 1011(2) of the MPC. As the court has such power, failure of an objector to intervene before a final and binding order of the court which permits such a use precludes any collateral attack.

Similarly, in an appeal by a developer from a denial of an application for a PRD, the court may order tentative approval to be granted. *Summit*, therefore, would require that an objector attempt to intervene before a final and binding order resolves the litigation; if such an attempt is not made the objector may not later challenge the order.

In this case, Cranberry failed to notify the Supervisors that it was rejecting certain of the conditions imposed in the tentative approval; rather, Cranberry merely filed an appeal to the court of common pleas. When the court heard the matter, it dismissed the appeal holding that filing the appeal did not relieve Cranberry of the duty of complying with the notification requirements of Section 709(a)(3) of the MPC. Thus, the appeal which Cranberry filed in this Court dealt only with the question of whether Cranberry's filing an appeal to common pleas court was sufficient notice under Section 709(a)(3) to allow it to treat the tentative approval with conditions as a denial. Should this Court have agreed with the court of common pleas and held that Cranberry had acquiesced to the conditions imposed, further review of the propriety of granting tentative approval with conditions would have been warranted. Since appellant's appeal to the Board on this precise issue is still pending, we

fail to see how any waiver could be found under these circumstances.

. It could be argued that the court of common pleas might have held that the appeal to common pleas court obviated the duty of Cranberry to inform the Supervisors that it was rejecting the conditions. Had that been the case, the court would have been required to review the propriety of the "denial" of the application for a PRD. Since the court would have had the entire range of options open to it, appellant's appeal to the Board would have been a nullity and failure to attempt to intervene[1] would then have rendered *Summit* applicable. Such was not the case, however, and on the facts in this case, the Board should have decided the merits of the appeal filed by appellant following discontinuance of Cranberry's appeal to this Court. As both the Board and the common pleas court erroneously dismissed appellant's appeal, the matter must be remanded for appropriate review of appellant's claims on the merits.

### ORDER

Now, November 26, 1984, the October 13, 1983, order of the Court of Common Pleas of Montgomery County at No. 83-7806, Civil Action—Law, is vacated and the matter is remanded so that the Court may remand the matter to the Zoning Hearing Board of Perkiomen Township for a decision on the merits of appellant's challenge to the tentative approval of Cranberry Corporation's planned residential development.

Jurisdiction relinquished.

---

[1] Pa. R.C.P. No. 2327 permits intervention by a non-party "[a]t any time during the pendency of an action. . . ." Thus, a party may attempt to intervene any time before an action is finally disposed of. *Groff v. Ulster Township*, 65 Pa. Commonwealth Ct. 584, 442 A.2d 1255 (1982).