# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Application of Donald M. Lenker :
and Michele M. Lenker and Donco :
Construction, Inc. For Final Approval :
of Final Subdivision/Land Development :
Plan of Lenker Estates-Phases II and :
III (Initially Filed Before The Halifax :
Township Board of Supervisors, :
Dauphin County, Pennsylvania) :
                             :
            v.                 :    No. 163 C.D. 2016
                             :    Argued: September 15, 2016
Halifax Township Board of Supervisors :
                             :
Michael A. Sweigard, :
                    Appellant    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                   **FILED: February 7, 2017**

Before this Court is Michael A. Sweigard's (Appellant) appeal of the December 29, 2015 order of the Court of Common Pleas of Dauphin County (Trial Court) granting a joint motion for approval of the 2013 Real Estate Developer Agreement (REDA) between Donald M. Lenker, Michele M. Lenker, and Donco Construction (collectively Applicant), and the Halifax Township Board of Supervisors (Board). Appellant argues that: (i) the Trial Court erred in approving the 2013 REDA because it violated the Halifax Township's (Township) subdivision and land development ordinance (SALDO); (ii) the Trial Court and the

Board failed to make necessary findings of fact; (iii) Appellant was denied due process; and (iv) Appellant was entitled to an evidentiary hearing. For the following reasons, we affirm the order of the Trial Court.

In December 2007, the Board denied final plan approval for Phases II and III of the Lenker Estates. (*See* Denial Reasons ¶¶1-14, R.R. at 1254a-1255a.) Applicant timely appealed the Board's denial to the Trial Court. On October 19, 2011, Applicant and the Board entered into a REDA (2011 REDA), which established a process whereby Applicant would submit a revised final plan seeking to address the Board's concerns. (*See* 2011 REDA, R.R. at 1237a-1251a.) Applicant submitted a revised final plan in November 2011 and, following review by the Township Planning Commission and a meeting before the Board, the Board requested that Applicant meet with Appellant, an adjoining landowner, to address his objections to the plan. On July 23, 2013, Applicant submitted a second revised final plan (RFP II), which reflected the Township Engineer's comments on the revised final plan and contained a storm water addendum. The RFP II was provided to Appellant and the Township's Engineer in August 2013.

On September 19, 2013, the Township Engineer authored a letter responding and commenting on the RFP II. The Board held an executive session on September 30, 2013, that was attended by Applicant and the Township Engineer. At the executive session, an alternate storm water plan submitted by Appellant was rejected and Applicant responded to the remaining comments from the Township Engineer. (Summary of Executive Session, R.R. at 1557a.) The RFP II, which included responses to the Township Engineer's additional comments, was submitted to the Board on October 7, 2013, along with the second letter from the Township Engineer, but not provided to Appellant. On October 7,

2

2013, the Township Planning Commission held a public meeting on the RFP II. Public participants, including Appellant, were not allowed to receive copies of the RFP II or the Township Engineer's September 19 and October 7, 2013 letters. The Planning Commission unanimously recommended the RFP II for Board approval. (Summary of Planning Commission Meeting, R.R. at 1614a.) The Board held a meeting on October 14, 2013, and following an adjournment to executive session, approved the 2013 REDA and the RFP II contingent on satisfaction of the comments in Township Engineer's September 19, 2013 review letter. (Summary of Board October 14, 2013 Meeting, R.R. at 1653a-1654a.) Appellant filed a Right to Know Law[1] request seeking the Township Engineer's letters and the RFP II; the request was denied but Appellant appealed the denial to the Office of Open Records and ultimately received all of the requested documents on November 7, 2013.

On October 21, 2013, Applicant and the Township filed a joint motion in the Trial Court to confirm the settlement agreement consisting of the 2013 REDA and the RFP II. Appellant was granted party status as an intervenor and filed a July 14, 2014 motion to invalidate the settlement agreement or, in the alternative, for a hearing, and subsequently filed an August 19, 2014 report from his own engineers detailing the storm water runoff on his property if development of the Lenker Estates went forward. The Trial Court held oral argument on August 13, 2014. On May 1, 2015, Appellant filed a motion to supplement the record with after-acquired evidence concerning a storm water report from the Department of Environmental Protection. On December 29, 2015, the Trial Court issued an order and opinion approving the settlement agreement. Initially, the Trial Court

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

3

concluded that an evidentiary hearing was not necessary and that Appellant was given ample opportunity to participate and voice his objections throughout the process leading to the Board's approval of the 2013 REDA and RFP II. (Trial Court Op. at 5.) Next, the Trial Court concluded that the settlement agreement should be approved and specifically that:

> The 2013 REDA satisfactorily resolves the issues presented by the 2008 land use appeal and the process by which the agreement was reached and the plan approved was legally appropriate. Regarding [Appellant's] objections lodged as an Intervenor, this Court finds that the revised storm water management plan addresses [Appellant's] concerns and does not impose a duty on him as the objecting party. In addition, this Court has not found any non-compliance with statutes or regulations that protect the public interest in connection with any rights that may be asserted in a land use appeal.

(Trial Court Op. at 6.) Therefore, the Trial Court approved the settlement agreement and denied Appellant's motions in an attached order.

At the heart of Appellant's appeal to this Court is his contention that the 2013 REDA and RFP II do not adequately address the increased storm water that is allegedly projected to runoff onto his adjoining property following development of the Lenker Estates and his further contention that he was denied the opportunity to have his concerns heard and addressed before the Board and the Trial Court. Although Applicant made significant changes to the RFP II to address storm water issues, and succeeded in satisfying the Board, Appellant remains unsatisfied. He believes development of the Lenker Estates requires an easement and will lead to the continuing trespass of water onto his land. Appellant was

4

involved throughout this lengthy process and was a proper, timely intervenor in the appeal but is not a party to the settlement agreement. Appellant is seeking to have this Court reverse the Trial Court's approval of the settlement agreement or, in the alternative, remand this matter to the Trial Court for a hearing to supplement the record or to refer the matter to a referee.

The Pennsylvania Municipalities Planning Code[2] (MPC) provides the procedure whereby subdivision and land development plans are acted upon by the governing body of a municipality. *See* Sections 508, 53 P.S. § 10508, and 909.1 of the MPC, *added by* Act of December 21, 2988, P.L. 1329, 53 P.S. § 10909.1. Where the governing body has denied approval of a final subdivision and land development plan, the applicant has a right under the MPC to seek judicial review of the decision of the governing body. Section 1001-A of the MPC, *added by* Act of December 21, 2988, P.L. 1329, 53 P.S. § 11001-A; *Koresko v. Farley*, 844 A.2d 607, 615 (Pa. Cmwlth. 2004). The MPC also permits an adjoining landowner to intervene in the action. Section 1004-A of the MPC, *added by* Act of December 21, 2988, P.L. 1329, 53 P.S. § 11004-A. If an appeal has been taken, jurisdiction is relinquished by the governing body and vested in the court of common pleas of the county where the property is located. Section 1002-A of the MPC, *added by* Act of December 21, 2988, P.L. 1329, 53 P.S. § 11002-A. Should the governing body participate in the appeal, the governing body has the same freedom as other parties to a judicial proceeding to enter into negotiations with the goal of settling the dispute. This Court noted in *Summit Township Taxpayers Association v. Summit Township Board of Supervisors*, 411 A.2d 1263 (Pa. Cmwlth. 1980), that the law favors settlements and that a court-approved settlement may result in a permissible

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

"departure from the ordained zoning pattern" pursuant to the broad jurisdiction over land use matters afforded a court of law. *Id*. at 1266 (settlement agreement allowed landowner to expand its legal nonconforming use as a sanitary landfill); *see also Yaracs v. Summit Academy,* 845 A.2d 203 (Pa. Cmwlth. 2004) (settlement agreement allowed landowner to expand its legal nonconforming use as a residential juvenile correction facility); *Boeing Company v. Zoning Hearing Board,* 822 A.2d 153 (Pa. Cmwlth. 2003) (settlement agreement permitted a special exception to operate an adult entertainment facility in an industrial area); *compare* Section 512.1 of the MPC, *added by* Act of December 21, 2988, P.L. 1329, 53 P.S. § 10512.1 (delineating specific instances where the governing body may authorize modifications of requirements contained in the SALDO); *Miravich v. Township of Exeter, Berks County*, 54 A.3d 106, 112 (Pa. Cmwlth. 2012) (invalidating settlement agreement that was not reviewed or approved by a court and violated the procedural provisions of the MPC). A trial court's acceptance or rejection of a settlement proposal is reviewed by this Court for an abuse of discretion. *T.H. Properties, L.P. v. Upper Salford Township Board of Supervisors*, 970 A.2d 495, 497 n.2 (Pa. Cmwlth. 2009).

Although the trial court's jurisdiction is broad, it is not unbound; in approving a settlement, the trial court's authority is limited to review of the municipal action taken below and may not be exercised to resolve questions not at issue in the underlying litigation. *See, e.g. BPG Real Estate Investors-Straw Party II, L.P. v. Board of Supervisors of Newtown Township*, 990 A.2d 140, 148-149 (Pa. Cmwlth. 2010) (affirming approval of settlement agreement that resolved the development of a 51-acre tract but reversing approval of that portion of the settlement agreement that encompassed development of land beyond the original

6

51-acre tract at issue).  In reviewing a negotiated settlement, the paramount issue is whether the agreement is in the public interest.  Section 105 of the MPC, 53 P.S. § 10105; *Carlino v. Whitpain Investors*, 453 A.2d 1385, 1388 (Pa. 1982); *BPG Real Estate Investors*, 990 A.2d at 150-151.

In the instant matter, the Trial Court reviewed this Court's discussion of the trial court opinion in *BPG Real Estate Investors*, wherein the trial court concluded that "the issue of whether a settlement agreement should be approved over the objection of an intervening landowner involves considerations of whether the settlement agreement imposes any duty on the objecting party…and whether the settlement agreement is in the public interest." *Id*. at 145.  We conclude that this is the correct legal standard by which to review an agreement to settle a land use appeal negotiated by a governing body and a subdivision and land development applicant.  We further conclude that a trial court's determination of whether to approve a settlement agreement between a governing body and an applicant requires an examination of whether third-parties who properly availed themselves of the procedure to insure their participation were provided with a meaningful opportunity to be heard and voice objections in the proceedings below. *Compare Boeing*, 822 A.2d at 161-162 (rejecting collateral attack on a settlement agreement where objector had an opportunity to participate in the process prior to the settlement agreement and failed to do so); *Summit*, 411 A.2d at 1266 (following notice and a hearing before the governing body, objectors failed to intervene in the appeal to the trial court and were, therefore, precluded from challenging the settlement agreement).  Where a trial court approves a settlement that resolves the original litigation and is in accordance with the law, there is no abuse of discretion. *BPG Real Estate Investors*, 990 A.2d at 149.

The Trial Court applied this standard to the record before it and concluded that the 2013 REDA and RFP II constituting the settlement agreement did not impose a duty upon Appellant and did not contravene the public interest. The Trial Court also examined the record and concluded that Appellant was given an opportunity to be heard and voice his objections throughout the proceedings before the Board, as well as to submit evidence and voice his objections before the Trial Court. At all times during the settlement negotiations the record shows, and the Trial Court concluded, Appellant had notice of the negotiations between the governing body and Applicant.

Much of Appellant's argument on appeal concerns his objection to the process leading up to approval of the settlement agreement by the Trial Court. Appellant contends that the 2013 REDA should be invalidated in part because the RFP II was not again subject to the MPC approval process and the Board did not issue a new decision containing findings of fact. However, at bottom Appellant's argument contravenes longstanding tenets allowing for court-approved settlements between a governing body and an applicant for subdivision and land development approval. Such settlements take place within the jurisdiction and supervision of the court rather than the governing body; therefore, once negotiations have resulted in a settlement agreeable to the governing body and the applicant, the governing body is neither required by nor does it have jurisdiction pursuant to the MPC to repeat the plan approval process mandated by the MPC.

Appellant also objects on the basis that the 2013 REDA permits waiver of certain SALDO provisions if needed and grants approval prior to Applicant having secured all the necessary permits. However, both waiver of

SALDO provisions and the provision of approval contingent on securing the necessary permits from outside agencies are permissible in negotiated settlements.

Appellant further argues that he is entitled to a hearing pursuant to Section 1005-A of the MPC, *added by* Act of December 21, 2988, P.L. 1329.[3] In its opinion, the Trial Court examined the circumstances which required a mandatory hearing and the considerations applicable when granting a discretionary hearing. (Trial Court Op. at 4-5.) The Trial Court determined that neither was applicable because the record provided voluminous evidence upon which to address the validity of the settlement agreement and because the Trial Court did not find merit in Appellant's objection to the process which led to the settlement agreement.

---

[3] Section 1005-A of the MPC provides:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, provided that appeals brought before the court pursuant to section 916.11 shall not be remanded for further hearings before any body, agency or officer of the municipality. If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact or if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any.

53 P.S. § 11005-A.

9

Accordingly, we hold that the Trial Court did not abuse its discretion by approving the settlement agreement and denying Appellant an evidentiary hearing. Furthermore, we hold that Appellant was granted procedural due process. In reaching this holding, we find it necessary to clarify that a challenge to approval of a subdivision plan is not a vehicle for third-party intervenors to enforce private property rights. The focus of a trial court's review of a settlement agreement is constrained by the powers granted a governing body by the MPC and the decision to grant and deny approval of a subdivision plan in accordance with those powers. *See, e.g. Appeal of Michener*, 115 A.2d 367, 369 (Pa. 1955); *In re AMA/American Marketing Association, Inc.*, 142 A.3d 923, 936 (Pa. Cmwlth. 2016); *Graybill v. Providence Township*, 593 A.2d 1314, 1316-1318 (Pa. Cmwlth. 1991) ; *see also* 53 P.S. § 10508. Adjudication of private property rights and injuries are not a proper function of the governing body; instead, enforcement of private property rights and remedy of injuries attendant thereto must be sought by an original action in a court of law.

The order of the Trial Court is affirmed.


_____
**JAMES GARDNER COLINS, Senior Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Application of Donald M. Lenker : 
and Michele M. Lenker and Donco : 
Construction, Inc. For Final Approval : 
of Final Subdivision/Land Development : 
Plan of Lenker Estates-Phases II and : 
III (Initially Filed Before The Halifax : 
Township Board of Supervisors, : 
Dauphin County, Pennsylvania) : 
                              : 
           v.               :   No. 163 C.D. 2016 
                              : 
Halifax Township Board of Supervisors : 
                              : 
Michael A. Sweigard, : 
                   Appellant : 

# ORDER

AND NOW, this 7ᵗʰ day of February, 2017, the Order of the Dauphin County Court of Common Pleas in the above-captioned matter is hereby AFFIRMED.

 

**_____**
**JAMES GARDNER COLINS, Senior Judge**