CONCURRING OPINION BY
JUDGE BROBSON
Respectfully, I believe the Court erred in Money v. Board of Supervisors of the Township of Westtown, 89 A.3d 308 (Pa. Cmwlth. 2014) (Money I), when it ruled that a local governing board’s vote to authorize its legal counsel to settle litigation is an adjudication that is appealable under the Local Agency Law (LAL).[1] The decision in Money I is on such weak footing that, notwithstanding stare decisis and the law of the case doctrine,[2] it deserves reconsideration by the Court.
Not every action of a local agency governing body is an adjudication. For the reasons set forth in Judge Covey’s dissent in Money /, a vote of a board of supervisors approving a settlement of litigation does not constitute an adjudication under the LAL that may be appealed to the court of common pleas. It is an “executive,” not quasi-judicial, function by a local governing *1187 body to authorize its attorney to terminate pending litigation on agreed-to terms. See 65 Pa. C.S. § 708(a) (authorizing “executive” sessions to discuss matters inherently managerial in nature, including to discuss litigation strategy). To the extent a party adversely affected by the settlement of the, litigation wishes to challenge the settlement itself (rather than the governing board’s executive decision to enter into the settlement), then the remedy is to seek intervention in the disputed litigation and object to the settlement, not to appeal a public vote authorizing counsel to enter into the settlement on the municipality’s behalf. Summit Twp. Taxpayers Assoc. v. Summit Twp. Bd. of Supervisors, 49 Pa. Cmwlth. 459, 411 A.2d 1263 (1980) (holding that to challenge settlement of validity challenge to zoning ordinance, party must intervene in litigation that is the subject of settlement, not appeal governing body’s vote to authorize settlement).
In this case, on November 19, 2015, Chester County Outdoor, LLC (Chester Outdoor) and Westtown Township (Township) filed a joint petition with the Court of Common Pleas of Chester County (trial court), seeking court approval of an amendment to their settlement agreement (First Amendment). At that time, Therese L. Money (Money) was a party intervenor, having secured that status over two years earlier. Nonetheless, the majority relies on Money I to hold that Money, although a party to the litigation, could not object to the joint petition because she did not appeal the Township Board of Supervisor’s vote authorizing the filing of the joint petition. Such a ruling may be consistent with Money I, but it is not consistent with any other precedent, particularly Summit Township. Here, Money did exactly what this Court in Summit Toivnship said she had to do to protect her interest—i.e., she intervened in the court proceeding that was the subject of the settlement and lodged her objection.
Notwithstanding my disagreement with Money I, like the majority, I would affirm the trial court’s decision approving the First Amendment, but on different grounds. The trial court held that the Township and Chester Outdoor could lawfully amend their original settlement agreement and that the First Amendment was reasonable and consistent with the public health, safety, morals, and general welfare. Nothing in Money’s brief on appeal convinces me that the trial court erred in its determinations. Accordingly, for these reasons, I would affirm.

. 2 Pa. C.S. §§ 551-555, 751-754. "Adjudication” is defined as follows:
Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.
2 Pa. C.S. § 101.

. Flagiello v. Pa. Hosp., 417 Pa. 486, 208 A.2d 193, 205 (1965) ("The principle of stare deci-sis does not demand that we follow precedents which shipwreck justice.”); Commonwealth v. Starr, 541 Pa. 564, 664 A.2d 1326, 1332 (1995) (holding that departure from law of the case doctrine appropriate in only exceptional circumstances, such as where “the prior holding was clearly erroneous and would create a manifest injustice if followed”).