Monumental Properties, Inc., Appellant, *v.* Board of Commissioners of the Township of Whitehall, Appellee.

Argued October 3, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas F. Traud, Jr.,* with him *Theodore J. Zeller, Jr.,* and *Butz, Hudders & Tallman,* for appellant.

*Harry A. Kitey,* for appellee.

OPINION BY JUDGE ROGERS, November 8, 1973:

This is an appeal from an order of the Court of Common Pleas of Lehigh County dismissing the appeal of Monumental Properties, Inc. from a decision of the Board of Commissioners of Whitehall Township disapproving a preliminary land development plan.

The appellant, Monumental Properties, Inc., owns a tract of land in Whitehall Township containing about

21 acres of land located in an R-2 residential zoning district. Apartment dwellings were and are a permitted use in the R-2 zoning district and Monumental proposed to erect an apartment complex consisting of a number of buildings.

There was extant at all times pertinent hereto an ordinance of Whitehall Township entitled "Whitehall Township Subdivision and Land Development Ordinance of 1971." This ordinance was adopted pursuant to Article V of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P.S. §10101. Section 501 of Article V, 53 P.S. §10501, confers upon the governing bodies of municipalities the power to regulate subdivisions and land developments. The Whitehall Township ordinance does so in great detail.

Monumental's plan of development consisting of the erection of a number of apartment structures was a land development, defined in Section 107(11) of the Pennsylvania Muncipalities Planning Code, *supra,* 53 P.S. §10107(11), as "the improvement of one lot . . . for any purpose involving . . . a group of two or more buildings." Therefore, as it was required to do, Monumental undertook to conform to the township's subdivision and land development ordinance. There follows the sequence of events pertinent to its application:

December 7, 1971—

Monumental submitted a sketch plan for review by the Township Planning Commission, as recommended by the subdivision and land development ordinance. The sketch plan showed the proposed density of the development as 12 units per gross acre, as then permitted by the township zoning ordinance.

Sometime between January 13 and January 17, 1972—

Pursuant to the subdivision and land development ordinance, Monumental filed its preliminary plan, a

much more refined proposal than the sketch plan. The preliminary plan also proposed 12 dwelling units per gross acre.

January 15, 1972—

Public advertisement appeared in a newspaper of general circulation of a meeting of the township commissioners to be held on January 31, 1972 to consider the adoption of an amendment to the township zoning ordinance which would reduce the permitted number of dwelling units in the R-2 zone from 12 to 8 units per gross acre.

February 14, 1972—

The proposed zoning amendment was enacted by the township commissioners.

March 24, 1972—

The Township Planning Commission approved Monumental's preliminary plan with several recommendations, none of which, however, concerned density still proposed as 12 units per acre.

August 28, 1972—

The township commissioners disapproved Monumental's preliminary plan by letter of their solicitor reading pertinently as follows:

"First, two buildings, No. 3 and No. 6 should be split so as to improve the fire and safety features; and, second, the present building zoning ordinance provides for a density of eight (8) units per acre, whereas your plan, as submitted, calls for a density of twelve (12) units per acre.

"In all other respects, your plan, as submitted, meets with the approval of the Township of Whitehall."

The court below upheld the township's refusal to approve Monumental's preliminary plan. It relied on the authority of *Boron Oil Company v. Kimple*, 445 Pa. 327, 284 A. 2d 744 (1941), where it was held that an

applicant for a *building permit* acquires no rights if his application is filed after a public declaration by the governing body or other competent municipal body of an intention to consider zoning changes inconsistent with the application. The court below reasoned that since, in its view of the record, the preliminary plan was not duly filed until January 17, 1972, the zoning amendment first advertised on January 15, 1972 had precedence.

Monumental contends that the pending ordinance rule laid down in *Boron v. Kimple*,[1] *supra*, has no application to a subdivision or land development plan but that its rights are fixed by Section 508(4) of Article V of the Pennsylvania Municipalities Planning Code, *supra*, 53 P.S. §10508(4), specifically addressed to this kind of proposed land use. We agree.

That portion of Section 508(4) here pertinent reads: "From the time an application for approval of a plat, whether preliminary or final, is duly filed as provided in the subdivision and land development ordinance, and while such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed. . . ."

The Legislature could not have more clearly stated that a preliminary land development plan may not be disapproved on the basis of subsequently enacted zoning changes. The section makes no mention whatsoever of public advertisement of proposed zoning changes or of the time of such advertisement vis-a-vis the time of filing an application.

----

[1] *See also Mutzig v. Hatboro Board of Adjustment*, 440 Pa. 455, 269 A. 2d 694 (1970) and earlier cases there cited.

Article VI of the Pennsylvania Municipalities Planning Code, *supra*, 53 P.S. §10601 et seq. concerns zoning. Its silence, and that of prior enabling acts, on the effect of pending ordinances on applications for building permits, was the cause of the development of the so-called pending ordinance rules. These case-made rules could not and do not prevail over a Code provision so clearly and directly regulating applications for subdivisions and land development plans as does Section 508(4). The requirements relating to preliminary plans of the Whitehall Township ordinance use more than six pages of text. Contrary to the township's suggestion, it would be highly unlikely that a developer could prepare and file a plan in a successful race against proposed zoning changes. Therefore, Whitehall's zoning amendment reducing density, enacted after the preliminary plan was filed, could not affect the plan and was not a proper ground for disapproval.[2]

The other stated reason for disapproval had to do with the length of two of the buildings in Monumental's proposal. Correspondence attached to a stipulation in the record dated after the notice of disapproval, and indeed after this litigation commenced, indicates that this matter may have been resolved by changes made in Monumental's plans. Since, however, the matter is still argued in the township's brief, we will remand the record for resolution of this matter. In our view the com-

---

[2] The township's contention that the preliminary plan was not *duly* filed because it did not, when filed sometime between the dates January 13 and January 17, 1972, bear the name, seal or certification of a Pennsylvania engineer is without merit. Section 333 of the ordinance provides for the issuance of a receipt after a determination by the township that the submission "includes the required plans and supporting documents." This receipt was issued on January 17, 1972. It is not clear whether the seal or name or certification, or all three, were lacking. All were subsequently supplied and, as we have noted, disapproval was based on entirely different grounds.

missioners' objection to the length of buildings would seem to be within their lawful discretion "to require variations . . . in particular circumstances." *County Builders, Inc. v. Lower Providence Twp.*, 5 Pa. Commonwealth Ct. 1, 7, 287 A. 2d 849, 852 (1972).

Order reversed; the record is remanded with the direction that the preliminary plan of Monumental Properties, Inc. be approved, upon compliance by it with such reasonable alterations in the plans for buildings 3 and 6 of its said plan as the commissioners shall require, if agreement on this subject has not heretofore been reached.