Commonwealth of Pennsylvania, Department of Transportation, Petitioner v. John D. DiMascio, Building & Zoning Officer of the Township of Willistown, Chester County, Pennsylvania and the Township of Willistown, Respondents.

Argued September 10, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Jerome T. Foerster*, Deputy Attorney General, with him, *Allen C. Warshaw,* Chief, Deputy Attorney General, Chief of Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for petitioner.

*Robert J. Shenkin,* with him, *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for respondents.

OPINION BY JUDGE BLATT, December 24, 1985:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) has filed a petition for review addressed to our Court's original jurisdiction to which the respondents, the Township of Willistown (Township) and its Building and Zoning Officer John J. DiMascio, have filed an answer and counterclaim. Asserting that the facts are essentially undisputed, the respondents have also filed a Motion for Judgment on the Pleadings,[1] contending that they are entitled to prevail as a matter of law. DOT agrees that there is no material issue of fact, and likewise argues, of course, that a consideration of the pleadings requires that it should prevail.

The pleadings here indicate that DOT undertook the construction of a building on land it owned within the Township of Willistown, a township of the second class not having a home rule charter. The "Domar" building which DOT has erected is a teepee-shaped structure approximately sixty-five feet in height, having a diameter of about one hundred feet, and is used

---

[1] Pa. R.C.P. No. 1035.

to store road salt, which must be kept in a dry environment lest it dissolve and leach into the earth, causing pollution. During construction, the respondents served upon DOT and its contractor a Cease and Desist order intended to stop work on the structure until a valid Building/Zoning permit was issued pursuant to the Township's zoning ordinance. The petition for review filed here by DOT sought to enjoin the respondents from interfering with its construction or utilization of the building.

The issue presented for our consideration, therefore, is whether or not, as a matter of law, DOT is subject to regulation pursuant to the zoning ordinance of a township of the second class which is not a home rule community.

The respondents contend that the Supreme Court's decision in *Commonwealth v. Ogontz Area Neighbor's Association*, 505 Pa. 614, 483 A.2d 448 (1984) is controlling, requiring that we resolve the priorities of the conflicting governmental instrumentalities by ascertaining the legislative intent. They argue that we must, therefore, apply Section 1921(c)(6) of the Statutory Construction Act, 1 Pa. C. S. §1921(c)(6), which provides that such intent is to be determined by considering the consequences of a particular interpretation, and they assert that such consideration here compels the conclusion that DOT is subject to the Township's zoning ordinance.

It is true that *Ogontz* relied upon the application of Section 1921(c)(6) of the Statutory Construction Act. It did so because the applicable statutes provided no indication as to the legislative intent regarding the conflicting priorities, but no such ambiguity exists in the instant case. This is because Section 702 of the Second Class Township Code (Code),[2] provides that

---

[2] Section 702 of the Act of May 1, 1933, P.L. 103, added by Section 1 of the Act of August 27, 1963, P.L. 1280, 53 P.S. §65762.

such townships may not adopt any "ordinance, by-law, rule or regulation . . . which in any manner restricts, interferes with, hinders or affects the operation of any other political subdivision or instrumentality of operation of any other political subdivision or instrumentality of the Commonwealth of Pennsylvania."

We note that the aforesaid Section 702 has previously been held to "liberate" other governmental entities of the Commonwealth from the restrictions of a local township's zoning ordinance. *Middletown Township v. Delaware County Institution District,* 450 Pa. 282, 287, 299 A.2d 599, 603 (1973). More recently, however, in a case concerning a similar conflict between a township's zoning ordinance and the plans of another Commonwealth instrumentality, this Court did not give effect to the provisions of Section 702 relied upon in *Middletown.* The different result obtained in the later case was attributable to the fact that the township had then acquired the status of a home rule community. *Middletown Township Appeal,* 86 Pa. Commonwealth Ct. 501, 485 A.2d 535 (1984), *Petition for Allowance of Appeal* granted, 507 Pa. 561, 493 A.2d 78 (1985). Accordingly, the earlier *Middletown* case retains continued vitality where, as in the instant case, the township in question has not elected home rule status and thus remains subject to the provisions of the Code.

It is, of course, true that in a case which is clear and free from doubt, judgment may be entered against the party filing a motion for judgment on the pleadings. *Bailey v. Harleysville Mutual Insurance Company,* 341 Pa. Superior Ct. 420, 491 A.2d 888 (1985). We believe, accordingly, that the respondents are not entitled to judgment on the pleadings, but that DOT is entitled to prevail as a matter of law. We will, therefore, enter an order granting judgment in favor of DOT.

ORDER

AND Now, this 24th day of December, 1985, judgment in the above-captioned matter is hereby entered against the respondents, the Township of Willistown and John J. DiMascio, and in favor of the petitioner, the Commonwealth of Pennsylvania, Department of Transportation. It is further ordered and decreed that the respondents or anyone else acting on behalf of the Township and/or its Building and Zoning officer, shall henceforth refrain from interfering with the construction or use of the Domar building which was the subject of these proceedings.