Robert J. KEE, Ruth E. Kee, Ruth Mixell, Keith S. Koegel, Cynthia A. Koegel, Morgan B. Price and Darcie E. Frye, Petitioners, and Township of West Pennsboro, Intervenor/Petitioner,

v.

**PENNSYLVANIA TURNPIKE COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1999.
Decided Dec. 31, 1999.

John H. Broujos, Carlisle, for petitioner.

Charles P. Gibbons, Pittsburgh, for respondent.

Steven J. Fishman, Carlisle, for intervenor.

Before SMITH, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Robert J. Kee et al. (Petitioners) have filed a motion for partial summary judgment in their petition for review filed in this Court's original jurisdiction seeking equitable relief against the Pennsylvania Turnpike Commission (Commission) in relation to its substantial expansion of a ser-

vice plaza on the Turnpike. Petitioners assert that they are entitled to judgment as a matter of law on the question of whether the Commission is required to comply with provisions of the Township of West Pennsboro (Township) zoning and land use ordinances requiring submission and approval of a land development plan pursuant to the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101—11202. Also before the Court for disposition at this time is the Commission's motion to strike Petitioners' motion.

## I

The Court considered and denied a motion for summary judgment filed by the Commission in this matter in *Kee v. Pennsylvania Turnpike Commission (Kee II),* 722 A.2d 1123 (Pa.Cmwlth.1998), which details some of the history of this protracted case. To recapitulate briefly, the Plainfield Service Plaza (Plaza), located on the eastbound side of the Turnpike about six miles west of Exit 16, Carlisle, has been in existence for many years. After the Township's adoption of zoning ordinances in 1985 and 1993 the Plaza became a lawful non-conforming use. The Commission purchased adjacent land in 1990 and 1991 for a substantial expansion of the Plaza parking. The Plaza and the adjacent properties are in R–1 and "Village" zoning districts. In 1991 the Township advised the Commission that it expected the Commission to comply with local land use regulations, but the Commission took the position that it was not required to do so.

The Commission executed a construction contract for the expansion project in November 1995. The project eliminated an area of mature trees and underbrush that had served as an effective buffer between the Plaza and nearby houses. It provided for many more parking spaces for tractor-trailers, including 32 spaces aligned so that the headlights and engine noise were directed toward the residences. In addition, the Commission installed four 100–foot light towers to illuminate the new parking areas, which caused significant undesired lighting to adjacent properties.

Petitioners filed an amended petition for review in the nature of a complaint in equity on March 5, 1996 and also an application for special relief asserting that the Commission's actions violated various constitutional and statutory provisions. They sought a permanent injunction against further construction of the Plaza and, in the event the Court did not permanently enjoin the work, a temporary injunction and a requirement that the Commission perform various studies and also submit a land development plan. Preliminary injunction hearings were held in May and June 1996; in June the Township was granted leave to intervene limited to the complaint proceeding.

Senior Judge John W. Keller issued an order on September 5, 1996 denying the request to preliminarily enjoin construction, which was nearly complete at that point. However, Judge Keller directed the Commission not to make use of new parking areas temporarily and to install appropriate gates to address the concerns of some Petitioners who live along Pine Lane, the one-lane private access road leading from State Route 614 to their properties and to the Plaza. Judge Keller later held the Commission in contempt of court by order of November 6, 1996 for failure to comply with the September 5 order. The Commission appealed, and the Supreme Court affirmed per curiam the orders granting the preliminary injunction in part and holding the Commission in contempt of court for failure to comply. *Kee v. Pennsylvania Turnpike Commission,* 548 Pa. 550, 699 A.2d 721 (1997).

The Commission filed preliminary objections to the complaint in equity, which a panel of this Court overruled by order of November 20, 1996. *Kee v. Pennsylvania Turnpike Commission (Kee I),* 685 A.2d 1054 (Pa.Cmwlth.1996). The Commission filed a motion for partial summary judgment on May 5, 1998, asserting that it was

entitled to judgment as a matter of law in the complaint proceeding on the grounds that it was not subject to the requirements of a local municipality's zoning and land use ordinances. A panel of this Court denied the Commission's motion by order of December 31, 1998. *Kee II*. The Court disagreed with the Commission's application of *Commonwealth, Department of General Services v. Ogontz Area Neighbors Ass'n*, 505 Pa. 614, 483 A.2d 448 (1984), and held: "The Commission's enabling legislation does not expressly confer upon it the power to disregard local land use regulation, regardless of the consequences, and the Court is convinced that the legislature did not intend for the Commission's authority to be pre-eminent over that of the Township here." *Kee II*, 722 A.2d at 1127.

## II

■ Summary judgment is properly granted where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. No. 1035.2(1). After the close of discovery relevant to the motion, summary judgment is also appropriate if "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues be submitted to a jury." Pa. R.C.P. No. 1035.2(2). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan*, 698 A.2d 1382 (Pa. Cmwlth.1997). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *Id.*

■ The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Schnupp v. Port Authority of Allegheny County*, 710 A.2d 1235 (Pa.Cmwlth.1998). Parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial. *Sovich v. Shaughnessy*, 705 A.2d 942 (Pa.Cmwlth. 1998).

The Court turns first to the Commission's motion to strike Petitioners' motion for partial summary judgment, which would render consideration of the merits moot if successful. The Commission initially contends in Part I of the Argument section of its reformatted brief[1] that Petitioners' request for permanent injunctive relief requires a final hearing on the merits, citing *Soja v. Factoryville Sportsmen's Club*, 522 A.2d 1129 (Pa.Super.1987). There the Superior Court explained that the purpose of a preliminary injunction generally is to preserve the status quo and to prevent irreparable harm until the merits of a dispute may be heard. *Soja*. The preliminary injunction proceeding is distinct from the final hearing on the merits, and it is error for a trial court to treat a hearing on the application for a preliminary injunction as a final hearing on the merits and as the basis for a final decree. *Id.*

As the Petitioners' note, however, in *Kee II* this Court rejected their contention that a ruling upon the Commission's motion for partial summary judgment would be premature. The Court pointed to the reliance by both parties upon the extensive evidence introduced at the preliminary in-

1. Reformatted Brief in Support of Respondent's Motion to Strike and in Opposition to Motion for Partial Summary Judgment, filed August 11, 1999. This reformatted brief supersedes the Commission's original briefs in support of its motion to strike the Petitioners' motion for partial summary judgment, which were filed May 17 and June 25, 1999. In addition, Petitioners have filed three separate reformatted briefs in response to the motion to strike, in support of the motion for summary judgment and in reply to the Commission's reformatted brief (filed September 7, 1999).

junction proceeding and concluded that the record was sufficiently developed to permit a resolution of the issue. In other words, because of the extensive documentary evidence from the preliminary injunction proceeding that was not disputed, the Court was able to grant the Commission's request for the Court to consider whether it was entitled to judgment as a matter of law on the issue of its duty to comply with local land use ordinances.[2]

◼ Also in support of its motion to strike, the Commission contends in Part IV of its brief that Petitioners' motion for partial summary judgment is insufficient as a matter of law because it violates the rule of *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). The general substance of the *Nanty–Glo* rule is that summary judgment may not be had where the moving party relies exclusively upon oral testimony, through affidavits or depositions, to establish the absence of a genuine issue of material fact; no matter how clear and indisputable such proof may appear, it is the province of the jury to decide the credibility of the witnesses. *O'Rourke v. Department of Corrections*, 730 A.2d 1039 (Pa.Cmwlth.1999).

◼ The Court agrees with Petitioners that their motion does not rely exclusively upon oral testimony. Although the Commission points to certain allegations in Petitioners' motion that are supported by testimonial affidavits, the indisputable facts relevant to the details of the acquisi-

tion of land and to the size, layout and construction of the Plaza expansion have been established through documentary evidence and admissions. The Commission's decision not to comply with the local land use ordinances is evidenced in documents and in the Commission's admission in its motion for summary judgment and otherwise that it does not believe that local ordinances apply to its activity here. Finally, the Petitioners' motion rests primarily upon the ruling of this Court in *Kee II*, which is far removed from reliance upon testimonial evidence.

◼ Last in regard to the motion to strike, the Commission asserts in Part V of its brief that Petitioners' motion for partial summary judgment actually seeks a permanent injunction by default and to foreclose any further proceedings, although this Court's order in *Kee II* recognized the need for trial where all factual and legal questions between the parties would be fully and finally framed. Petitioners respond in their brief and reply brief that they in fact are seeking only partial summary judgment on the issue of the requirement for the Commission to comply with local land use ordinances in regard to the expansion.[3] They note the Commission's intention to offer evidence at trial concerning the issue of the hazards created by fatigued tractor-trailer drivers and the need to provide adequate facilities for them to rest. Petitioners note that the Commission's desire to present cumulative evidence relating to safety does not raise a

2. Although the Commission is correct that the permanent injunction proceeding is distinct, it cites no authority for the proposition that such a proceeding is not amenable to summary judgment relief where warranted. The Commission's position on this point arguably is barred by the doctrine of judicial estoppel, under which a party is precluded from switching positions or asserting contrary positions in the same or related actions as the moment requires. *Gross v. City of Pittsburgh*, 686 A.2d 864 (Pa.Cmwlth.1996). The Commission obviously took the position that summary judgment relief was proper when it filed its own motion for partial summary judgment.

3. Petitioners assert that they filed their motion for partial summary judgment because they were not entitled to summary judgment on their behalf following this Court's denial of the Commission's motion for summary judgment in *Kee II*. In *Bensalem Township School Dist. v. Commonwealth*, 518 Pa. 581, 544 A.2d 1318 (1988), the Supreme Court concluded that language in former Pa. R.C.P. No. 1035(b) that "the moving party" is entitled to judgment as a matter of law meant that it was error to enter judgment in favor of the non-moving party when the moving party's motion for summary judgment was denied.

new issue. The Court agrees that the only matter before the Court is the partial summary judgment relief specified in Petitioners' motion, and nothing in Petitioners' briefs transforms their motion into a request for a final decree by default. The Commission's motion to strike therefore is denied.

### III

■ On the merits, Petitioners' motion for partial summary judgment asserts that they are entitled to summary judgment on their claim that the Commission must comply with the Township's land use ordinances, based upon the facts, the law and this Court's order in *Kee II*. Petitioners seek such a judgment in order to expedite the upcoming permanent injunction hearing. The motion asserts that no facts or law have changed since December 1998. The Court analyzed the case under the *Ogontz* standard, examined the statutory sources of each body's authority and considered among other factors the consequences of a particular interpretation. In addition, the Court noted the Commission's assertions that safety concerns prompted the original decision to expand the Plaza's parking and the statutory designation of the Commission's activity of constructing, operating and maintaining turnpikes as an essential governmental function. The Court concluded, however, that the legislature did not intend in this case for the Commission's authority to be pre-eminent over the traditional and essential police power of the Township expressed in its land use ordinances.

As in the last proceeding, Petitioners point to several cases in which municipal land use ordinances were held not to be pre-empted by statewide statutes. The Court observes that in *Ogontz* the Supreme Court stated: "[I]nsofar as *City of Pittsburgh* [*v. Commonwealth*, 468 Pa. 174, 360 A.2d 607 (1976),] stands for the proposition that the grant of eminent domain powers to a state agency may be taken as an indication of legislative intent that the state agency may override local zoning regulations, it is expressly overruled." *Ogontz*, 505 Pa. at 626, 483 A.2d at 454. Thus even the power of eminent domain does not necessarily exempt an agency from compliance with land use regulations. The result in *Ogontz* was that the effort of the Department of Public Welfare (DPW), acting through the Department of General Services, to establish a mental health facility in a district not zoned for such facilities was rejected. The consequence of permitting unfettered frustration of the municipal zoning scheme was deemed to be worse than the consequence of denying DPW a particular location.

The Commission responds in Part II of its brief that summary judgment is not appropriate because of the existence of genuine issues of material fact. It asserts that in affidavits and evidentiary materials filed with its brief it has proffered evidence to counter any claim that the Plaza expansion is unnecessary, unreasonable and without social utility. The Commission refers to statements that describe substantial increases in truck traffic in recent years, federal regulations designed to combat operator fatigue for truck drivers and efforts to expand parking at the Commission's service plazas, which it regards as part of its statutory mandate to operate and maintain a safe and reliable toll road system. In addition, the Commission refers to studies it has performed relating to air quality, lighting and noise. It represents that it is now prepared to implement a lighting system that will lower the 100-foot light towers to 40 feet and feature new cut-off luminaries and to erect a sound barrier across the rear perimeter of the Plaza.

In Part III of its brief the Commission asserts that the decision in *Kee II* recognized the necessity for a final hearing. The Commission contends that the Court in *Kee II* performed only the beginning of the *Ogontz* analysis, i.e., examining the relevant enabling statutes for indications of legislative intent as to priority, but that

the Court did not perform the next step of considering the consequences of a particular interpretation. It quotes the statement in *Kee II* that *"present circumstances do not show that the Commission should be free from the operation of local land use ordinances."* *Id.*, 722 A.2d at 1127 (emphasis added). The Commission argues that the record now includes evidence by affidavits, which will become trial testimony, of the consequences of holding it subservient to local zoning and land use restrictions.

Next, the Commission asserts that the doctrine of "law of the case" does not apply here because that doctrine holds that an appellate court should not reverse a previous ruling on appeal in a later phase of the same case, *Tarantino v. Commonwealth, Kutztown University*, 654 A.2d 115 (Pa.Cmwlth.1995), and the present matter is in this Court's original jurisdiction. Further, there is an exception to the principle that a trial judge should not overrule the decision of another judge in the same case when new evidence is placed upon the record in the interim. *Boyle v. Steiman*, 631 A.2d 1025 (Pa.Super.1993).

The Court agrees with the position of the Petitioners in their reply brief that new evidence has not been placed upon this record so as to justify the Court in overruling its previous decision. First, the Court recognized in *Kee II* that safety concerns motivated the original decision of the Commission to embark upon the expansion project. As Petitioners note, however, the study by the Federal Highway Administration from 1996 relating to commercial driver rest and parking requirements was available to the Commission long ago, yet the Commission did not seek to place it on the record through an affidavit or a response to an interrogatory before the filing of its briefs and affidavits in this proceeding.

The Commission's assertion that it can prove that the Plaza expansion project addresses a serious problem continues to miss the point of this Court's earlier ruling. Assuming that the project addresses truck driver fatigue, and assuming that some expansion of the Plaza was necessary along with other measures, there is still no logical connection between the perceived problem and the Commission's insistence that this particular project was the only adequate response. Nor does recognition of a problem imply that the Commission requires complete freedom from the operation of the Township's zoning and land use ordinances in order to address it. The Court discerns no basis for modifying its decision in *Kee II* or for accepting the Commission's interpretation of that decision. Thus the Court concludes that its holding in *Kee II* compels the partial summary judgment relief sought by Petitioners. Petitioners' motion for partial summary judgment is granted.[4]

### *O R D E R*

AND NOW, this 31st day of December, 1999, the Court hereby grants the motion of Petitioners Robert J. Kee et al. for partial summary judgment determining that the Pennsylvania Turnpike Commission's expansion of the Plainfield Service Plaza is subject to the procedural and substantive requirements of the zoning and land use ordinances of the Township of West Pennsboro. The Chief Clerk is directed to schedule a pre-trial conference in this matter within 60 days.

---

4. Matters that are not disposed of by the present ruling and that remain for trial in the permanent injunction hearing are the allegations in Petitioners' amended petition for review that the construction of the Plaza expansion violated various statutory and constitutional provisions and that the expanded Plaza constitutes a common law nuisance. Nothing in the Court's order precludes the Commission from seeking approval of portions of the expansion under the doctrine of natural expansion of a non-conforming use or from requesting a variance or other available remedy.