**DEPARTMENT OF GENERAL SERVICES, Appellant,**

v.

**BOARD OF SUPERVISORS OF CUMBERLAND TOWNSHIP, ADAMS COUNTY and Cumberland Township, Adams County.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2001.

Decided Jan. 28, 2002.

Publication Ordered April 9, 2002.

Jose E. Morales, Harrisburg, for appellant.

Thomas L. Wenger, Harrisburg, for appellees.

Before SMITH–RIBNER, Judge, PELLEGRINI, Judge, and MIRARCHI, Jr., Senior Judge.

## ORDER

OPINION BY Senior Judge MIRARCHI, Jr.

AND NOW, this 9th day of April, 2002, it is ORDERED that the above-captioned opinion filed January 28, 2002, shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.

The Department of General Services (DGS) appeals from an order of the Court of Common Pleas of Adams County that affirmed the decision of the Cumberland Township (Township) Board of Supervisors (Board) that denied DGS' request for approval of its preliminary land development plan to construct the Adams County Welcome Center. We affirm.

DGS owns two tracts of land in the Township that had previously been subdivided into parcel 1 and parcel 2, both of which lie in an agricultural residential (AR) district in the Township.[1] The AR district was created in 1991 to preserve the rural and agricultural aspects of the area. The 1991 zoning ordinance allowed "Federal, State and Local municipal buildings and uses, and essential services" in the AR district. (RR p. 32a).

In 1998, the Township updated its comprehensive plan, which was adopted on June 27, 2000. Pursuant to the new comprehensive plan, the Township on March 14, 2000 evidenced its intent to amend the zoning ordinance concerning the AR zoning district, limiting the uses to "Federal,

---

1. DGS purchased the property for the Department of Transportation (DOT) as a site for the Welcome Center.

State and Local municipal *agricultural* buildings and *agricultural* uses, and essential services *commonly related to standard agricultural practices.*" (RR p. 33a (emphasis added)). The text of the proposed amendment was advertised on March 30, 2000, and was enacted on May 23, 2000.

On April 5, 2000, DGS submitted its preliminary land development plan for parcel 2 to construct the Welcome Center, a use not permitted under the amended ordinance. Following the Township's denial of DGS' preliminary land development plan, DGS appealed to the trial court contending that it is exempt from land use zoning regulations, but if not exempt, the zoning amendment is not effective against DGS under the pending ordinance doctrine.

Relying on *Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984) (Department of Welfare's use of its property for a mentally handicapped facility is subject to City of Philadelphia's zoning scheme), the trial court held that Commonwealth agencies are not exempt from zoning and land use regulations. The trial court also held that the pending ordinance doctrine applies to the situation relying on *Boron Oil Co. v. Kimple,* 445 Pa. 327, 284 A.2d 744 (1971) (a building permit may be refused if at the time of application there is pending an amendment to the zoning ordinance which would not permit the use of land for which the permit is sought).

■ DGS now appeals to this Court,[2] and raises the following issues for our review: (1) whether DGS is subject to or exempt from the Township's amended ordinance provision, and (2) whether the Pennsylvania Municipalities Planning Code (MPC)[3] and not the pending ordinance doctrine applies to the construction of the Welcome Center.

■ DGS first argues that the *Ogontz* case relied upon by the trial court is not controlling. Rather, DGS relies on *Department of Transportation v. DiMascio,* 93 Pa.Cmwlth. 624, 502 A.2d 323 (1985), *aff'd.* 512 Pa. 625, 518 A.2d 258 (1986), which held that according to Section 702 of The Second Class Township Code[4] a second class township, which has not acquired the status of a home rule community may not adopt any ordinance that hinders or affects the operation of any other political subdivision or instrumentality of the Commonwealth. The *DiMascio* Court distinguished *Ogontz* on the basis that in *Ogontz* the court applied the Statutory Construction Act,[5] because the applicable statutes provided no indication of legislative intent regarding the priorities of the conflicting governmental entities. Here DGS contends there is no ambiguity because The Second Class Township Code[6] controls.

DGS then lists the numerous statutes, which it believes granted DOT the power to override a township's zoning enactments, including The Second Class Township Code, the MPC, the Capital Budget Project Itemization Act of 1991–92 and the

---

2. Where, as here, the trial court took no additional evidence, our scope of review is limited to determining whether the governing body committed a manifest abuse of discretion or an error of law. *McClimans v. Board of Supervisors of Shenango Township,* 107 Pa. Cmwlth. 542, 529 A.2d 562 (1987).

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

4. Act of May 1, 1933, P.L. 103, reenacted and amended November 9, 1995, P.L. 350, 53 P.S. § 66506.

5. Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501–1991.

6. 53 P.S. §§ 65101–67201.

Roadside Rest Law.[7] Section 2319 of the Second Class Township Code, 53 P.S. § 67319, states that "nothing contained in this article shall be held to restrict or limit the Department of Transportation or any county in the exercise of any of its duties, powers and functions under any state law." Section 1 of the Roadside Rest Law, 36 P.S. § 478.11, authorizes DOT to construct, erect and maintain roadside rests adjacent to state highway routes for the health, safety, welfare and accommodation of the traveling public. Section 6 of the Roadside Rest Law, 36 P.S. § 478.16, empowers DGS to act as a purchasing agent for the purchase of any equipment and facilities determined to be necessary by the Secretary of Transportation. DGS also contends that the Capital Budget Act, in specifically allocating money for the construction of the Welcome Center in Adams County, provides a further basis showing the legislative intent that the property be used as the Welcome Center.

In response, the Township relies on *Ogontz* and *Kee v. Pennsylvania Turnpike Commission*, 743 A.2d 546 (Pa.Cmwlth. 1999), wherein the court held that the Turnpike Commission's enabling statute did not expressly confer upon it the power to disregard local land use regulation and, thus, the Turnpike Commission was subject to the relevant local zoning ordinances. The *Kee* court, citing *Ogontz*, stated that "even the power of eminent domain does not necessarily exempt an

agency from compliance with land use regulations." *Kee*, 743 A.2d at 551. The Township also distinguishes *DiMascio*, indicating that the exemption provision in Section 702 of the Second Class Township Code was deleted and the reenactment in 1995 does not contain language reinstating the exemption. *See Delaware County Solid Waste Authority v. Township of Earl*, 112 Pa.Cmwlth. 76, 535 A.2d 225 (1987), *petition for allowance of appeal denied*, 518 Pa. 652, 544 A.2d 963 (1988) (in conjunction with the 1987 amendment to The Second Class Township Code, the legislature no longer intends the restriction of the former version of Section 702 to apply).[8]

█ Absent a clear statute to the contrary, agencies of the Commonwealth are not exempt from zoning and land use regulations. *Ogontz*. Moreover, the court in *Olon v. Department of Corrections*, 534 Pa. 90, 626 A.2d 533 (1993), quoting the *Ogontz* decision, recognized that if "one or more Commonwealth agencies or projects should be empowered to supersede local land use regulations, [the general assembly] need only pass legislation to the effect." *Id.* at 628, 483 A.2d at 455. The *Olon* court stated that the general assembly must specify both the property to be acquired and the specific use of the property, which is what the Olon court held had occurred in that case. Here the general assembly's listed expenditure was for a Welcome Center in Adams County, but a

---

**7.** Act of June 7, 1961, P.L. 257, *as amended*, 36 P.S. § 478.11–478.18.

**8.** The earlier provision in Section 702 of The Second Class Township Code contained the following language: "No ordinance, by-law, rule or regulation shall be adopted which in any manner restricts, interferes with, hinders or affects the operation of any other political subdivision or instrumentality of the Commonwealth of Pennsylvania." The present provision states:

The board of supervisors may make and adopt any ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government, health and welfare of the township and its citizens, trade, commerce and manufacturers.

53 P.S. § 66506.

specific property was not part of the authorization.

Based on the above discussion of the law, we conclude that the Township has the power to prevent the construction of the Welcome Center. DGS' reliance on the various statutory provisions does not provide specific language that exempts it from the local land use regulations. Therefore, we conclude that the Township's zoning and land use regulations are applicable to DGS' contemplated use.

DGS next argues that, because the Township does not have the power to prevent the construction of the Welcome Center, the pending ordinance doctrine is not applicable, citing *Naylor v. Township of Hellam*, 565 Pa. 397, 773 A.2d 770 (2001). Specifically, DGS contends that the pending ordinance doctrine does not apply to applications for subdivisions or land development because they are controlled by Section 508(4) of the MPC, 53 P.S. § 10508(4). In other words, because DGS was granted a subdivision of its property into parcel 1 and parcel 2, it contends that its property is protected from any changes during the pendency of its development. *See Meadows of Hanover Development, Inc. v. Board of Supervisors of South Hanover Township*, 557 Pa. 478, 734 A.2d 854 (1999).

In response, the Township argues that zoning and subdivision matters are different and are covered by different statutory provisions. It recognizes that the pending ordinance doctrine does not apply to subdivision and land development. However, because language similar to Section 508(4) is not found in the zoning articles of the MPC, the Township contends that the legislature did not intend the same result in a zoning matter, citing *Monumental Properties, Inc. v. Board of Commissioners*, 11 Pa.Cmwlth. 105, 311 A.2d 725 (1973).

The trial court stated that "subdivision ordinances do not deal with "use" as zoning ordinances do and the Commonwealth may not piggyback its Preliminary Land Development Plan onto the approval of a subdivision plan in an effort to beat the triggering date under the pending ordinance doctrine." (Tr. Ct.opinion, p. 5). We agree. DGS' original subdivision of the property into two parcels was completed. The land development plan presently at issue was filed after the Township's intent regarding its zoning change was known, thus, we conclude that the pending ordinance doctrine applies. DGS is not entitled to approval.

For the reasons stated above, we affirm the trial court's order.

### ORDER

AND NOW, this 28th day of January, 2002, the order of the Court of Common Pleas of Adams County in the above-captioned case is hereby affirmed.