IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of Jaindl Land Company and RCSVP-Chambersburg, LLC from the Decision Dated September 2, 2020 of the Zoning Hearing Board of Greene Township | : : : : : : | **CASES CONSOLIDATED** |
| | : | No.    776 C.D. 2021 |
| | : | No.   1187 C.D. 2021 |
| Appeal of: Jaindl Land Company and RCSVP-Chambersburg, LLC | : : : | Argued: September 12, 2022 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                     HONORABLE PATRICIA A. McCULLOUGH, Judge
                     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE McCULLOUGH                              FILED: October 27, 2022

In these two consolidated zoning appeals, Jaindl Land Company (Jaindl) and RCSVP-Chambersburg, LLC (RCSVP) (collectively, Appellants) appeal from the June 25, 2021 order of the Court of Common Pleas for the 39th Judicial District of Pennsylvania, Franklin County Branch (trial court), which denied both Appellants' preliminary land development application under Township Ordinance No. 2020-1 (the 2020 Ordinance), Greene Township, Franklin County, Pa. Zoning Ordinance §2020-1, and their substantive validity challenge to the 2020 Ordinance, which amended Greene Township's (Township) zoning map.  Upon review, we reverse the trial court.

**Facts and Procedural Background**

The relevant facts of this appeal are as follows.  Appellants are the equitable owners of approximately 87 acres of land adjacent to Philadelphia Avenue,

which is situated in the Township (Property). (Reproduced Record (R.R.) at 527a.) Pursuant to the Township's zoning map as it existed prior to January 28, 2020, the Property is partially subdivided into two districts: the Light Industrial (LI) District and Highway Commercial (HC) District. *Id.* The Property's subdivisions are subject to specific land use ordinances contingent upon their respective zoning classifications as HC District or LI District. On November 7, 2018, Appellants entered into an agreement for the sale of the Property with the legal owners, Frank R. Flohr and Mark R. Flohr (the Flohrs). *Id.* As of that date, the LI District was governed by Township Zoning Ordinance Section 105-11.B(31) (Prior Ordinance), which allowed industrial warehouses and distribution centers as uses permitted by right. *Id.*

On December 13, 2018, Representatives of Jaindl met with the Township zoning officer, Dan Bachman, and the Township engineer, Greg Lambert, P.E., to discuss potential plans to develop the Property with industrial uses. (R.R. at 528a.)

The Township adopted on March 12, 2019, its 2019 Comprehensive Plan, which did not recommend any zoning map changes for the Property. (R.R. at 529a-30a.)

Representatives of Jaindl met with Township representatives on September 25, 2019, to once again discuss plans to develop the Property with industrial uses. (R.R. at 530a.) At this time, pursuant to the Prior Ordinance, industrial uses were permitted by right in the LI District. (R.R. at 527a.) On October 22, 2019, the Township's Planner, Tim Cormany, proposed a series of amendments to the Township's zoning map, which included 12 properties proposed for rezoning. (R.R. at 915a-18a.) *Id.* A portion of the Property was recommended for rezoning from the LI District to the Transitional Commercial District (TC District). *Id.* In TC Districts, warehousing is not a permitted use. (R.R. at 481a.)

2

On November 21 and 25, 2019, the Township mailed notices of the proposed map amendments to the affected and adjoining property owners, which included notice of a public hearing scheduled for January 14, 2020. (R.R. at 531a.) The Flohrs received the notice of proposed zoning amendments, the public hearing, and the Township Planning Commission hearing scheduled for December 9, 2019. (R.R. at 481a, 593a.)

On December 1, 15, and 22, 2019, the Township publicly advertised its intent to amend its zoning map in a newspaper of general circulation in the municipality. (R.R. at 681a.) A public hearing regarding the proposed ordinance was held on January 14, 2020. (R.R. at 534a.) During the meeting, the Township Board of Supervisors did not adopt the amendment but voted to table it. *Id.* That same day, Appellants submitted a preliminary land development application for the construction of an industrial warehouse on the Property. *Id.* On January 28, 2020, the Township Board of Supervisors voted to adopt the 2020 Ordinance, which amended the Township's zoning map and rezoned the LI District portion of the Property to the TC District. (R.R. at 534a.)

On February 5, 2020, the Township's zoning officer[1] issued a written determination that Appellants' preliminary land development plan application was subject to the pending ordinance doctrine, and thus, subject to the newly-enacted 2020 Ordinance and not the Prior Ordinance. *Id.* The Township's zoning officer denied Appellants' application because the Property was rezoned to the TC District, which does not permit the proposed use of the Property as a warehouse. *Id.* Appellants appealed the zoning officer's determination on February 12, 2020. *Id.* Hearings were held before the Zoning Hearing Board (ZHB) on May 19, 2020, and June 16, 2020,

---

[1] The record does not indicate why the zoning officer issued a written determination.

after which the ZHB affirmed the zoning officer in a decision on July 20, 2020. (R.R. at 10a-14a, 407a-10a.)

On February 12, 2020, Appellants filed a challenge to the substantive validity of the 2020 Ordinance pursuant to section 916.2 of the Pennsylvania Municipalities Planning Code (MPC).[2]  (R.R. at 535a.)  Appellants argued that the rezoning of the LI District was "arbitrary, irrational, discriminatory and constituted unlawful special legislation." (R.R. at 708a-09a.)  A separate hearing was held on the validity challenge on June 30, 2020. (R.R. at 411a.)  On September 2, 2020, the ZHB issued a written decision denying Appellants' substantive validity challenge. (R.R. at 15a-25a.)

On July 28, 2020, Appellants appealed the ZHB's July 20, 2020 decision to the trial court, and subsequently on September 24, 2020, Appellants appealed the ZHB's September 2, 2020 decision to the trial court. (R.R. at 26a, 315a.)  On September 24, 2020, Appellants filed a motion to consolidate both appeals, and on December 2, 2020, the trial court issued an order granting the motion. (R.R. at 335a, 345a.) On January 7, 2021, the trial court approved a stipulation of the parties in which they consented to the Flohrs' intervention. (R.R. at 346a-47a.)  On June 25, 2021, the trial court issued an order and summary opinion, denying both appeals. (R.R. at 980a-85a.)

With respect to the ZHB's July 20, 2020 decision that Appellants' application was subject to the pending ordinance doctrine, the trial court held that the critical factor was the timing of the advertisement of the proposed amended 2020 Ordinance and the filing date of Appellants' preliminary land subdivision plan. The trial court concluded that because the Township "advertised" the 2020 Ordinance

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10916.2.

before Appellants' January 14, 2020 application, the newly-enacted 2020 Ordinance, and not the Prior Ordinance, was properly applied to Appellants' application. (Trial Court Order at 2.)

With regard to the ZHB's September 2, 2020 decision denying Appellants' substantive validity challenge, the trial court concluded that there was no evidence in the record to establish that the Township's decision to amend the Prior Ordinance was discriminatory or unconstitutional special legislation. (Trial Court Order at 5.)

On July 7, 2021, Appellants appealed to this Court.

## Issues

On appeal,[3] Appellants raise two issues. First, they argue that the trial court erred as a matter of law by applying the 2020 Ordinance to their preliminary land development application rather than the Prior Ordinance, which was in effect at the time the plan was submitted, and allowed industrial warehouses and distribution centers on the Property. They argue that the pending ordinance doctrine is not applicable to land development applications, which instead must be governed by the ordinance in place on the date the application was filed. Second, Appellants argue that the trial court erred when it found that the 2020 Ordinance was not invalid special legislation specifically targeted to prevent Appellants' development of the Property.

---

[3] Because the parties presented no additional evidence after the ZHB's decision, our review is limited to determining whether the ZHB committed an abuse of discretion or an error of law. *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 811 n.1 (Pa. Cmwlth.), *appeal denied*, 887 A.2d 1243 (Pa. 2005).

**Discussion**

In their first issue, Appellants argue that the pending ordinance doctrine does not apply in this case. Appellants contend that under *Naylor v. Township of Hellam*, 773 A.2d 770 (Pa. 2001), section 508(4)[4] of the MPC governs their preliminary land development application, which must be reviewed under the ordinance in effect at the time they filed their application.

The Township responds that the pending ordinance doctrine applies to Appellants' application. Accordingly, because the Township advertised its proposed 2020 Ordinance prior to Appellants submitting their application, it must be reviewed under the 2020 Ordinance and not the Prior Ordinance. Since the application proposed a use under the 2020 Ordinance, the Township asserts that Appellants' application was properly denied. The Township maintains that its interpretation is supported by *Department of General Services v. Board of Supervisors of Cumberland Township, Adams County*, 795 A.2d 440 (Pa. Cmwlth. 2002).

By way of legal backdrop, prior to the adoption of the MPC in 1968, the pending ordinance doctrine permitted municipalities to deny applications for building permits if, at the time of the application, there was a pending ordinance amendment that would prohibit the use sought in the application. The ultimate goal of the pending ordinance doctrine is to bar a municipality from attempting to thwart a valid zoning challenge by enacting a zoning amendment after a zoning challenge has been filed. *Casey v. Zoning Hearing Board of Warwick Township*, 328 A.2d 464 (Pa. 1974); *Boron Oil Company v. Kimple*, 284 A.2d 744 (Pa. 1971); *Wimer Realty, LLC v. Township of Wilmington*, 206 A.3d 627 (Pa. Cmwlth. 2019). As this Court noted in *Wimer*, the Supreme Court set forth a thorough analysis of its case law on the pending ordinance

---

[4] 53 P.S. § 10508(4).

6

doctrine in *Piper Group, Incorporated v. Bedminster Township Board of Supervisors*, 30 A.3d 1083 (Pa. 2011):

> This Court affirmed the Commonwealth Court, and in doing so considered the pending ordinance doctrine, as it applied to the *Casey* factual scenario. We noted that in the typical pending ordinance case, a landowner seeks a building permit for a particular use permitted under the current ordinance but prohibited under a new ordinance pending when the landowner files its application. In that situation, courts will look to the new ordinance, rather than the prior one, if the ordinance was "pending": *i.e.*, if the governing body had "resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on the rezoning" before the landowner sought the permit. *Casey*, 328 A.2d at 467.

*Wimer*, 206 A.3d at 639 (quoting *Piper*, 30 A.3d at 1094).

Once the MPC was adopted, a statutory exception to the pending ordinance doctrine was established to protect landowners/applicants. *See In re Board of Commissioners of Cheltenham Township*, 211 A.3d 845 (Pa. 2019); *Lehigh Asphalt Paving & Construction Company v. Board of Supervisors of East Penn Township*, 830 A.2d 1063 (Pa. Cmwlth. 2003). In essence, the adoption of section 508(4)(i) of the MPC modified the applicability of the pending ordinance doctrine and precluded a municipality from changing its "zoning, subdivision or other governing ordinance or plan" after the filing of a land development application and then applying the new ordinance to the pending application. 53 P.S. §10508(4)(i). Section 508(4)(i) of the MPC provides:

> (4) Changes in the ordinance shall affect **plats** as follows:
>
> (i) **From the time an application for approval of a plat**, whether **preliminary** or final, **is duly filed** as provided in the subdivision and land development ordinance, **and while**

7

**such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed**. In addition, when a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided. However, if an application is properly and finally denied, any subsequent application shall be subject to the intervening change in governing regulations.

53 P.S. §10508(4)(i) (emphasis added).

Under section 107 of the MPC, a "plat" is defined as "the map or plan of a subdivision or land development, whether preliminary or final." 53 P.S. §10107. "Land development" is defined, in relevant part, as:

(1)    **The improvement of one lot** or two or more contiguous lots, tracts or parcels of land **for any purpose involving**:

    (i)    a group of two or more residential or nonresidential buildings, whether proposed initially or cumulatively, or a **single nonresidential building on a lot** or lots regardless of the number of occupants or tenure; or

    (ii)    the division or allocation of land or space, whether initially or cumulatively, between or among two or more existing or prospective occupants by means of, or for the purpose of streets, common areas, leaseholds, condominiums, building groups or other features.

(2)    A subdivision of land.

8

53 P.S. §10107 (emphasis added). Here, there is no question that Appellants' application to build an industrial warehouse on the Property constitutes a land development and that the application they submitted was a preliminary land development plan. It does not involve the question of the issuance of a permit.

Applying section 508(4) of the MPC, in *Monumental Properties, Inc. v. Board of Commissioners of Whitehall Township*, 311 A.2d 725, 727 (Pa. Cmwlth. 1973), we held that a municipality's amendment of its zoning ordinance to reduce the density of dwelling units per acre from 12 to 8 could not be applied to an apartment complex that filed a preliminary land development plan *prior* to the amendment of the zoning ordinance. In *Monumental Properties*, the developer argued that the pending ordinance doctrine established in *Boron* had no application to a subdivision or land development plan but rather that its rights were fixed by section 508(4) of the MPC. We agreed and explained:

> The Legislature could not have more clearly stated that a preliminary land development plan may not be disapproved on the basis of subsequently enacted zoning changes. **The section makes no mention whatsoever of public advertisement** of proposed zoning changes or of the time of such advertisement vis-a-vis the time of filing an application.

*Monumental Properties*, 311 A.2d at 727 (emphasis added).

In *Naylor*, 773 A.2d 770, the Supreme Court cited to our *Monumental Properties* decision with approval for the proposition that

> [u]nder the "pending ordinance doctrine," a **building permit** may be refused if, at the time of application, an amendment to a zoning ordinance is pending, which would prohibit the use of the land for which the permit is sought. [*Monumental Properties*, 311 A.2d at 746]. **The pending ordinance rule does not apply to applications for <u>subdivision or land development</u> as they are controlled by section 508(4) of the MPC, <u>which specifically addresses this kind of proposed land use</u>. [*Monumental Properties*]. Section 508(4) essentially provides**

9

> **that applications for approval of a subdivision plat are governed by ordinances in effect at the time the applications were filed. 53 P.S. § 10508(4).**

*Naylor*, 773 A.2d at 782 n.6 (emphasis added).

Following *Naylor*, a panel of this Court held in *Department of General Services*, 795 A.2d 440, that the land development application at issue was filed after the municipality's intent to amend its zoning was known, and therefore, the pending ordinance doctrine applied. This Court focused on the fact that the Department of General Services had **previously obtained approval** by the township to subdivide its property into two separate parcels. The Court determined that the Department was trying to "piggyback its Preliminary [Land Development] Plan onto the approval of a subdivision plan in an effort to beat the triggering date under the pending ordinance doctrine." *Id.* at 444.

The present case is factually distinguishable from *Department of General Services*. Unlike the developer/applicant in *Department of General Services*, the present appeal involves **only** a preliminary land development application for a use permitted "by right" under the ordinance in effect on the date Appellants filed their application. The Township even asserts that **<u>Appellants did not submit or need any other zoning approval</u>**. (Township's Br. at 20) ("In this case, [Appellants] sought and needed only land development approval. Later zoning relief in the form of a special exception or conditional use was not required.") Unlike in *Department of General Services*, here we are not concerned with a question of trying to "piggyback" a preliminary plan onto the approval of a subdivision plan to beat the triggering date

10

under the pending ordinance. Therefore, we find that *Department of General Services* is inapplicable.[5]

The Supreme Court has made clear that the pending ordinance doctrine does not apply to Appellants' preliminary land development application as it does not apply to applications for subdivisions or land development. *See Cheltenham*, 211 A.3d 845; *Piper*, 30 A.3d 1083; *Naylor*, 773 A.2d 770; *Monumental Properties*, 311 A.2d 725. Consistent with this principle, we previously have held that the plain language of section 508(4) clearly protects Appellants' preliminary land development application and makes no mention of advertised pending ordinances. *Monumental Properties*, 311 A.2d 725; *Honey Brook Estates, LLC v. Board of Supervisors of Honey Brook Township*, 132 A.3d 611 (Pa. Cmwlth. 2016); *North Codorus Township v. North Codorus Township Zoning Hearing Board*, 873 A.2d 845 (Pa. Cmwlth. 2005).

Specifically, section 508(4)(i) of the MPC states that while a land development application is pending, "no change or amendment of the zoning" ordinance shall adversely affect such application. 53 P.S. §10508(4)(i). To say that the pending ordinance doctrine applies to Appellants' preliminary land development application would contravene the protection afforded by section 508(4) of the MPC. Moreover, because the pending ordinance doctrine is not applicable here, the timing of the Township's **advertisement** of the proposed 2020 Ordinance in relation to the submission of Appellants' preliminary land development application has no bearing in this case. The 2020 Ordinance was enacted after Appellants filed their preliminary land development application. Hence, Appellants' application cannot be reviewed under the 2020 Ordinance. Therefore, under section 508(4)(i) of the MPC, the

---

[5] Appellants request this Court to overrule *Department of General Services*. Since we have determined it is inapplicable to the present case, we need not overrule it to provide Appellants with relief they seek.

11

Township's 2020 Ordinance cannot affect Appellants' plan and was not a proper ground for disapproval.

Based on the foregoing, we hold that Section 508(4)(i) of the MPC applies to Appellants' preliminary land development application.  Therefore, we reverse the trial court.[6]

_____
PATRICIA A. McCULLOUGH, Judge

Judge Wallace did not participate in the decision for this case.

---

[6] Having determined that Appellants' preliminary land development application is governed by the Township's Prior Ordinance, we need not address Appellants' special legislation argument, as that would not alter our disposition.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of Jaindl Land Company and RCSVP-Chambersburg, LLC from the Decision Dated September 2, 2020 of the Zoning Hearing Board of Greene Township | : : : : : : : | **CASES CONSOLIDATED** |
| | : | No.     776 C.D. 2021 |
| | : | No.   1187 C.D. 2021 |
| Appeal of: Jaindl Land Company and RCSVP-Chambersburg, LLC | : : | |

## *ORDER*

AND NOW, this 27th day of October, 2022, the June 25, 2021 order of the 39th Judicial District of Pennsylvania, Franklin County Branch, is hereby REVERSED.

_____
PATRICIA A. McCULLOUGH, Judge